200 | 325
29 SC | 152

# Yentzer *v.* Farmers' Mutual Insurance Company, Appellant.

*Insurance—Fire insurance—Engaging in more hazardous business—Forfeiture of policy—Affidavit of defense.*

In an action upon a policy of fire insurance which stipulated that the insurance should be immediately void if the insured " shall locate another building for the purpose, or devote any part of the one insured, to any more hazardous business whereby the risk of the insurance shall be in-

creased," an affidavit of defense is sufficient which avers that the defendant erected an incubator contiguous to the insured building, in which he operated for heating the same, stoves or lamps fed by gasoline or kerosene which were kept burning both day and night without any watchman to guard them, that the fire originated in this building, and was caused by the use of gasoline or kerosene, and that the location of said building for the purpose to which it was devoted, and its use in the manner in which it was operated was a material increase of the risk, and was such a change of hazard as, under the by-laws of the company, rendered the policy void.

Argued May 22, 1901. Appeal, No. 64, Jan. T., 1900, by defendant, from order of C. P. Lancaster Co., Oct. T., 1900, No. 22, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Jacob R. Yentzer v. Farmers' Mutual Insurance Company of Lancaster County. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The court in an opinion by Landis, J., entered judgment for want of a sufficient affidavit of defense for $3,200. The defendant appealed assigning this action of the court for error.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*A. F. Hostetter*, for appellant.—It is true that in this line of cases our Supreme Court has held that the defendant in addition to showing an increase of risk must also show that the insured knew that the risk was increased. In this the court has gone beyond the general doctrine as held by the courts of nearly all the other states, which is that where there is a clause forbidding the increase of risk any change or increase whatever by the insured will void the policy. In the Pennsylvania cases in which this doctrine has been held, the question has, however, in every instance arisen on the trial of the case, and it has never yet been held that the fact of knowledge of an increase of risk is such a fact as must be averred in the affidavit in order to carry the case to the jury. In this the finding of the court below goes beyond the decided cases, and we submit should not be sustained in a case like the present.

*W. H. Keller* and *John A. Coyle*, for appellee.—It is not only incumbent on a defendant seeking to avoid an honest loss, to show that the risk was increased, but that the plaintiff knew it was increased : Lebanon Mutual Ins. Co. v. Losch, 109 Pa. 100 ; Rife v. Lebanon Mutual Ins. Co., 115 Pa. 530 ; Niagara Fire Ins. Co. v. Miller, 120 Pa. 504 ; McKee v. Susquehanna Mutual Fire Ins. Co., 135 Pa. 544 ; McGonigle v. Susquehanna Mutual Fire Ins. Co., 168 Pa. 1.

OPINION BY MR. JUSTICE POTTER, July 17, 1901 :

In this case judgment was entered for the plaintiff for want of a sufficient affidavit of defense. The action was upon a policy of fire insurance, containing the following provision :

"If any person having property insured in this company, shall locate another building for the purpose, or devote any part of the one insured, to any more hazardous business, whereby the risk of the insurance shall be increased, his insurance shall be immediately void."

It is alleged in the affidavit of defense that "the defendant is informed and believes that, subsequent to the issue of said policy, the plaintiff, without the consent of the defendant, and without any notice to or knowledge by defendant, previous to fire, erected and maintained another building, not insured, contiguous to the insured buildings, devoted to the purpose of an incubator, or breeding house for raising poultry, in which he operated, for heating the same, stoves or lamps fed by gasoline or kerosene, which were kept burning both day and night, without any watchman to guard them." It was also alleged that the fire originated in this building, and was caused by the use of the gasoline or kerosene stoves or lamps. It was further averred that the location of said building for the purpose to which it was devoted, and its use in the manner in which it was operated, was a material increase of the risk assumed by defendant in the issue of its policy to plaintiff, and was such a change of hazard as, under the by-laws of the company, rendered the policy void.

These averments raise two questions of fact (1) Did the plaintiff locate another building for the purpose of a more hazardous business ? and (2) Did such location increase the risk of the insurance ? If so, then, under its terms, the policy was void.

The condition here differs from that of the policy in Rife v. Lebanon Mutual Insurance Company, 115 Pa. 530. There, in case of change involving an increase of risk, the policy did not, by its terms, become void, but it became the duty of the insured to give notice to the company of any change whereby the risk was increased, and the question was as to whether the proper notice had been given. It was held, the insured was bound only to give notice of any change of which he had knowledge, and by which he knew the rate of insurance would be increased.

In the present case, the stipulation of the policy is against the location of another building for the purpose of a more hazardous business, whereby the risk of the insurance shall be increased, such action rendering the policy immediately void.

As was said of a similar condition in a fire insurance policy, in Collins v. London Assurance Corporation, 165 Pa. 305, "obviously, it was intended to protect the property during the life of the policy, from fire, by change in structure, methods of heating, addition of new outbuildings on the premises and like means within her knowledge and control as owner, whereby the hazard might be increased."

We are not, therefore, now dealing with the question of notice. The inquiry is as to whether or not the insured, contrary to the prohibition of the policy, located a building for the purpose of a more hazardous business, whereby the risk of the insurance was increased. It is averred in the affidavit of defense that he did, and for the present purpose the affidavit must be considered as absolutely true.

The allegation involves the determination of questions of fact, which must be left to the jury. The judgment is reversed, and a procedendo awarded.

MESTREZAT, J., dissents.