# Molaka *v.* American Fire Insurance Company, Appellant.

*Insurance — Fire insurance — Mortgage — Subrogation — Principal and Surety.*

Where the mortgage clause of a policy of fire insurance provides that the rights of the mortgagee shall not be invalidated by any act of the mortgagor, and that the insurance company shall be subrogated to the rights of the mortgagee under all securities held as collateral to the mortgage debt, and it appears that the insured procured additional insurance in violation of the terms of the policy, a portion of which after a fire he assigned to the mortgagee, the insurance company is entitled to be subrogated to the rights of the mortgagee in such insurance, and if it appears that the mortgagee has voluntarily relinquished her rights to such insurance, the company will be discharged from all liability to her.

When a creditor has in his hands the means of paying his debt and does not use it, but gives it up, the surety is discharged as far as the security surrendered would have reached to pay.

Argued April 25, 1905.   Appeal, No. 137, April T., 1905, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1904, No. 991, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George Molaka to use of Fredericka Klein *v.* American Fire Insurance Company. Before RICE, P. J. BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement and affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute rule for judgment for want a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*S. S. Mehard,* for appellant.—The rights of the legal plaintiff under the statement of claim and affidavit of defense are the test of the judgment in this case : Hastings v. Westchester Fire Ins. Co., 73 N. Y. 141 ; Armstrong v. Lancaster, 5 Watts,

68; Montgomery v. Cook, 6 Watts, 238, 241; Blanchard v. Commonwealth, 6 Watts, 309, 312; Reigart v. Ellmaker, 10 S. & R. 27, 30; Hamilton v. Brown, 18 Pa. 87, 90; Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161; 168.

The affidavit of defense was sufficient to prevent judgment in favor of the legal plaintiff: Yentzer v. Ins. Co., 200 Pa. 325; McSparran v. Ins. Co., 193 Pa. 184.

The affidavit of defense was sufficient to prevent judgment even upon the basis of the contract shown by the mortgage clause invoked on behalf of the use plaintiff: Fritch v. Citizen's Bank, 191 Pa. 283; 3 Pomeroy's Equity, sec. 1419; Everly v. Rice, 20 Pa. 297; Fegley v. McDonald, 89 Pa. 128.

*W. H. S. Thomas,* with him *Frank Thomas,* for appellee, cited: Stainer v. Royal Ins. Co., 13 Pa. Superior Ct. 25.

OPINION BY PORTER, J., October 9, 1905:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, and the defendant appeals. Accepting the averments of the affidavit of defense as true, we have the following facts:

The defendant company issued to George Molaka, the legal plaintiff, a policy of insurance upon a dwelling house of which the latter was the owner. The policy contained a provision that, unless otherwise provided by agreement indorsed thereon, it should become void " if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; .... or if the hazard be increased by any means within the control or knowledge of the insured." The insured, shortly after the policy was issued, executed a mortgage upon the property in favor of Fredericka Klein, the equitable plaintiff, to secure the payment of a loan of $1,000; and, on July 10, 1901, the defendant company noted upon the policy, " Loss, if any, under this policy first payable to Fredericka Klein, mortgagee, subject to mortgage clause attached," and at the same time attached the usual mortgage clause. The mortgage clause so attached provided that the insurance as to the interest of the mortgagee only therein should not be invalidated by any act or neglect of the mortgagor or owner

of the property; and that, " Whenever this company shall pay
the mortgagee any sum for loss or damage under this policy
and shall claim that, as to the mortgager or owner, no liability
therefor existed, this company shall, to the extent of such
payment, be thereupon legally subrogated to all the rights of
the party to whom such payment shall be made, under all
securities held as collateral to the mortgage debt, or may at
its option, pay to the mortgagee the whole principal due, or to
grow due on the mortgage with interest, and shall thereupon
receive a full assignment and transfer of the mortgage and all
other securities." Molaka, the insured, subsequently changed
the use of the building insured from a dwelling house to a
store, and the hazard was thereby increased; he was notified
by the local agent of the company that this rendered the
policy void and that it could not be made valid without the
consent of the company and the payment of an increased
premium, because of the increased hazard through the new use
of the building. Molaka thereupon procured a new policy of
insurance upon the building from the Hamburg-Bremen Fire
Insurance Company, in a like sum of $1,600. Neither the
new and more hazardous use of the building nor the procure-
ment of the subsequent contract of insurance from another
company were noted upon the policy of the defendant com-
pany. The building was subsequently, on August 25, 1903,
destroyed by fire. George Molaka, on August 31, 1903,
assigned to Fredericka Klein, the mortgagee, $1,000 of the
amount covered by the policy of the Hamburg-Bremen Fire
Insurance Company, which assignment was duly indorsed
upon the policy and recognized by said company. The Ham-
burg-Bremen Fire Insurance Company subsequently paid
upon said policy the $1,000 which Fredericka Klein was en-
titled to receive.

The affidavit of defense avers that, " if it be true that the
said Fredericka Klein has not been fully paid the amount of
her mortgage out of the said money so as aforesaid paid under
said policy by the said Hamburg-Bremen Fire Insurance Com-
pany, the defendant is informed, believes and expects to be
able to prove that it was because the said Fredericka Klein
voluntarily relinquished her rights upon the said fund." The
learned counsel for the appellee ingeniously contends that

this allegation of the affidavit of defense is argumentative, but we do not so consider it. The affidavit itself explicitly avers that Fredericka Klein was entitled to receive this money which had been paid by the Hamburg-Bremen Fire Insurance Company. If she did receive it that would be an end to her claim against this defendant company. The affidavit avers that if she did not receive it, it was because of her own action. The fact which constitutes the defense is that Fredericka Klein voluntarily relinquished her rights upon the fund out of which her mortgage ought to have been paid. The affidavit sufficiently avers information, belief, and expectation of ability to prove the fact which constitutes the defense.

The change of the building to a more hazardous use and the procurement of additional insurance, without having either noted upon the policy of the defendant company, constituted a defense to any claim of Molaka, the insured : McSparran v. Insurance Company, 193 Pa. 184 ; Yentzer v. Insurance Company, 200 Pa. 325. When the building was destroyed no liability for the loss to Molaka, the mortgagor, upon the part of the company existed. The case of Fredericka Klein, in so far as it was made to appear that she was interested as a mortgagee, was different; as to the amount of her debt the company was not freed from liability because of the breaches of the conditions of the contract by Molaka, the mortgagor. The express provisions of the mortgage clause of the contract which protected the interest of Fredericka Klein, however, also provided that, as between her and the defendant, the company should be subrogated to all her rights under all securities held as collateral to the mortgage debt. While the defendant could not, in strictness, be said to be a surety for Molaka, the circumstances under which the liability arose, gave to the company, by the express provisions of the contract, the rights of a surety. The liability of the company to the mortgagee arose the moment the loss occurred, but, under the terms of the policy, the defendant was not required to pay until sixty days had expired. While the liability existed and before the day of payment arrived, the mortgagor, the principal debtor, assigned to the mortgagee a security collateral to the mortgage, from the proceeds of which her claim ought to have been fully paid. The collateral security thus placed in

her hands was the property of the principal debtor, Moláka, and to it there was no defense either as against the mortgagor or mortgagee. We are not now dealing with a case where a mortgagee has parted with a security collateral to his mortgage before a loss covered by a policy of insurance has occurred ; the status of the parties in this case had been fixed. Fredericka Klein was the creditor of Molaka, she had a present claim, which was certain to become due in the near future, against the insurance company for a loss upon the property of Molaka, for which, however, the latter had no valid claim against the company. The fact that the policy of the Hamburg-Bremen Fire Insurance Company was not assigned to the mortgagee until after the fire is immaterial ; the defendant company was entitled to the benefit and advantage of every collateral security which she acquired subsequently to the loss down to the day when she could legally call upon it to pay. When a creditor has in his hands the means of paying his debt and does not use it, but gives it up, the surety is discharged as far as the security surrendered would have reached to pay : Everly v. Rice, 20 Pa. 297 ; Fritch v. Citizens' Bank, 191 Pa. 283.

The judgment is reversed and a procedendo awarded.