## Park Bank to use *v.* Kleman, Appellant.

*Promissory notes— Endorsement—Collateral—Subrogation—Release of endorser—Surety—Damage.*

1. When a creditor has in his hands the means of paying a check, and does not use it, but surrenders, without reason, securities held, a surety will be discharged pro tanto; but if no damage appears, he is not relieved.

2. Where the payee of a promissory note receives from the maker insurance policies as collateral with the right, on default, to apply the cash surrender value of the insurance to the payment of the note, and subsequently the payee receives other notes from the maker with endorsements thereon, and by their terms any equities in the policies were applicable to their payment, the endorser on the subsequent notes cannot claim that he was wholly discharged from liability, because the holder received the cash value of the policies and reassigned them to the maker of the notes.

3. In such case, the endorser was only discharged pro tanto; and he has no ground for complaint, if it appears that he was given an opportunity to pay the indebtedness and take over the policies to which he had a right to be subrogated, and that he did not avail himself of this offer.

Argued May 15, 1923. Appeal, No. 98, Oct. T., 1923, by defendant, from order of C. P. Allegheny Co., Oct. T., 1920, No. 762, discharging rule to open judgment, in case of Park Bank, in the hand of Frank W. Jackson, receiver (now for use of J. R. Hermes) v. J. P. Kleman. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAF-FER, JJ. Affirmed.

Rule to open judgment. Before MACFARLANE, J.
The opinion of the Supreme Court states the facts.
Rule discharged. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*S. S. Robertson,* for appellant.—Where a pledgee re-leases a pledge against the interest of a surety entitled to its benefit and without the surety's consent, the surety is discharged: Neff's App., 9 W. & S. 36; Beaver T. Co. v. Morgan, 259 Pa. 567.

*Howard Zacharias,* with him *Harry Shapera,* for ap-pellee.—Appellant was discharged on his liability as endorser only to extent of credit giving him in order of court entering judgment: Beaver Trust Co. v. Morgan, 259 Pa. 567; First Nat. Bank v. Tustin, 57 Pa. Superior Ct. 37; Everly v. Rice, 20 Pa. 297; City Bank of York v. Rieker, 262 Pa. 28; Denniston v. Hill, 173 Pa. 633.

OPINION BY MR. JUSTICE SADLER, June 23, 1923:
One Egley borrowed certain sums from the Park Bank of Pittsburgh. With the first note, renewed from time to time, he deposited two twenty-year term insurance policies, and transferred his interest therein as collateral

security, agreeing that, "in case of default in the payment of the indebtedness hereby secured, the company may, upon demand of the assignee, apply the cash surrender value to the payment of the claim of said assignee, according to the rules of the company then in effect, upon the sole receipt of said assignee; the balance of said value, if any remained, to be paid to the person or persons entitled thereto." Later, in 1919, Kleman, the defendant, endorsed three notes for him, discounted by the same institution, and, under their terms, any equity in the property already pledged was applicable thereto, if necessary.

Subsequently, the bank became insolvent and the appointment of a receiver followed. A considerable part of the Egley obligation remained unsatisfied, for the recovery of which suit was instituted against him, and also a separate action in which Kleman was named as defendant. Thereafter, all of the assets of the bank were sold to Putnam, including the promissory notes endorsed by appellant. The purchaser made an effort to collect, and applied to the insurance company for the amount due on the policies held as collateral, totaling $1,920. Egley desired to keep the insurance in force, and arranged with a third party, Hermes, to loan the sum collectible, and secure its reassignment to him. This plan was carried out, and the claim now in question was then acquired by the use-plaintiff. The money received was used in reduction of the debts, the first note being paid in full, the balance of $656 being applied on the others, endorsed by defendant.

The suit against Kleman was then proceeded with, and a judgment entered by default for the portion unpaid. A petition was later presented to the court asking for the opening of it, on the ground that defendant had been misled by the statement of counsel for plaintiff as to the abandonment of the action, and, further, because the disposition of the collateral security in a way other than consented to by him discharged from responsibility. The

learned court below in a preliminary opinion properly
held the promise made by the attorney for the receiver
justified the granting of relief, provided it appeared that
any real defense could be interposed: (Thermo Water
Lift Co. v. Air Tight S. T. Co., 272 Pa. 91; Tabas v. Rob-
inson, 273 Pa. 164), but when given the opportunity, de-
fendant presented no facts requiring interference. It
also ruled no injury would be done to the surety if he was
allowed to pay the indebtedness and receive the pledged
property to which he might look for protection, but Kle-
man did not indicate any willingness to take advantage of
the offer. Upon application, the court subsequently dis-
charged the rule, providing, however, that credit be given
on the notes endorsed by appellant to the amount re-
ceived in excess of that required to satisfy the principal
and interest of the first obligation, with which the in-
surance had originally been deposited. From the decree
so entered the present appeal is taken.

Only one legal proposition requires consideration:
Was the surety released from liability by the sale of the
policies, through the medium of a third person, to Egley,
the maker of the notes. As already observed, the right
was given the bank to surrender, when necessary, upon
the payment to it of the then cash value, and, also, that
the proceeds could be used in liquidation of any other
obligation which it might have outstanding against him.
Kleman had endorsed on dates subsequent to the one
for $1,000. The pledge, if of value sufficient, was equally
available in satisfaction of the debts later contracted,
and express power to so dispose of them had been con-
ferred. The only complaint which the principal or surety
could make, when this was done, would necessarily rest
on a claim that a less sum was received than the insur-
ance company was bound to give, under the terms of the
policies. There can be no question that the proper
amount was paid and, though the money was advanced
to the maker of the note by a friend, yet the full value was
credited. Further, it will be noted Kleman was given

leave to take over the collateral upon satisfaction of his indebtedness to the bank, or its assignee. We cannot see how he has been injured in any way by the sale consummated, and therefore cannot sustain the contention that he is relieved as an endorser by any prejudicial act on the part of the holders.

The bank and its assignee were given the right to dispose of the collateral, and the exact amount obtainable was secured and applied to the indebtedness of the maker, and, therefore, no just complaint of the procedure followed can be made: Beaver Trust Co. v. Morgan, 259 Pa. 567. Of course, when a creditor has in his hands the means of paying a debt and does not use it, but surrenders, without reason, securities held, a surety will be discharged pro tanto (Everly v. Rice, 20 Pa. 297) ; or, where the real value of the pledge has been lost by some negligence of the holder of the note, he will be exonerated to the amount thereof (Neff's App., 9 W. & S. 36), but if, as here, no damage appears, he is not relieved. Had the defendant desired to protect a supposed equity in the collateral deposited, and reduce his liability, it was his duty to pay the balance due and take over the policies to which he had a right to be subrogated. Ample opportunity was offered to Kleman to do this, and, having failed to exercise the right, there is no merit in the claim now insisted upon.

The decree of the court below is affirmed at the costs of appellant.