## Freystown Mutual Fire Insurance Co. v. Whited

*John E. Brenneman,* for plaintiff.
*Keith, Bigham & Markely,* for defendant.

SHEELY, P. J., March 10, 1941.—This is a bill in equity for a mandatory injunction. The parties have filed a case stated in which they have agreed upon the following facts which are adopted by the court as

*Findings of fact*

1. On September 1, 1936, S. P. Jacques (hereinafter referred to as "Jacques") was and has to this day continued to be the owner of premises situate in Straban Township, Adams County, Pa.

2. On June 10, 1936, Jacques borrowed from E. G. Whited, defendant (hereinafter referred to as "Whited"), the sum of $2,000, in consideration whereof Jacques made to the order of and delivered to Whited his waiver judgment note for $2,000, at six months, with interest from date at six percent per annum. On June 11, 1936, judgment was entered upon said judgment note in favor of Whited, as plaintiff, and against Jacques, as defendant, in the Court of Common Pleas of Adams County, Pa., to no. 101, August term, 1936, for the sum of $2,000, with interest thereon from June 10, 1936. Such judgment is hereinafter referred to as the "Jacques judgment".

3. The Jacques judgment when entered was, and now is, a first lien upon the said real estate of Jacques. On October 5, 1937, the amount due thereunder was $2,000, with interest thereon from December 10, 1936. Since October 5, 1937, Jacques has paid to Whited thereon various sums. The amount due and unpaid on said judgment is: Principal, $1,793.43, with interest from November 15, 1938.

4. On September 1, 1936, in consideration of a cash premium paid to it by said Jacques and the execution and delivery to it of a premium note for $400, plaintiff herein, Freystown Mutual Fire Insurance Company (hereinafter referred to as "insurance company"), a mutual fire insurance company organized under the laws of Pennsylvania, issued, executed, and delivered its written policy of insurance against fire, in the amount of $2,000, to Jacques, upon the buildings erected upon the said premises of Jacques. A true copy of such policy is attached hereto and made a part hereof, marked "Exhibit A". At the request of Jacques and by written endorsement upon the said policy of insurance the loss, if any, thereunder

was made payable to Whited, as his interest as a judgment creditor of Jacques might appear.

5. On March 23, 1937, the buildings insured under said policy of insurance, being of the then insurable value of $3,000, were totally destroyed by fire.

6. Subsequent to the fire due proof of loss under said policy was prepared and submitted to the insurance company by the insured but payment of the loss under the policy was refused by the insurance company.

7. On October 5, 1937, Whited, defendant herein, instituted an action of assumpsit in the Court of Common Pleas of Adams County, Pa., to no. 111, November term, 1937, against the insurance company, plaintiff herein, upon the policy of insurance referred to, to recover the amount due him thereunder, namely, $2,000, with interest from March 23, 1937.

8. The said action was duly proceeded with and was tried before a jury in said court and a verdict therein was entered in favor of Whited against the insurance company on May 1, 1939, and judgment upon said verdict was duly entered by said court in favor of Whited as plaintiff, and against the insurance company as defendant, for the sum of $2,224.41, with interest thereon from May 1, 1939, from which judgment no appeal was taken.

9. Upon the trial of said action upon the said policy of insurance, one of the issues of fact submitted to and determined by the jury in its verdict in favor of plaintiff therein was that as against Jacques, the owner of the insured premises, the insurance company had no defense in said action upon said policy and that it had no defense thereto as against Whited, assignee of Jacques.

10. Prior to payment of the judgment so recovered against the insurance company by Whited, the insurance company demanded of Whited that he transfer and assign unto it the unsatisfied Jacques judgment which he held against Jacques, the owner of the insured premises, which demand was refused by Whited.

11. On October 11, 1939, the insurance company paid to Whited the full amount of the judgment so recovered

against it by Whited, amounting to $2,224.41, with interest thereon from May 1, 1939, and it also paid and discharged all record costs. Thereupon said Whited satisfied of record said judgment against the insurance company.

12. Thereafter the insurance company demanded of Whited that he assign and transfer to it the said Jacques judgment, which demand Whited has refused.

13. Jacques, the owner of the insured premises, has demanded of Whited that the proceeds of the judgment recovered by Whited against the insurance company, when and if received by him, be applied by Whited as a credit upon the Jacques judgment held by Whited against Jacques and that any amount thereof in excess of the sum needed to meet and pay the Jacques judgment be paid to him, Jacques, as the owner of the insured premises.

### Question involved

Under the case stated the following question was submitted for the determination of the court:

Is plaintiff, The Freystown Mutual Fire Insurance Company, entitled to be subrogated to the rights of E. G. Whited, under the judgment held by E. G. Whited against S. P. Jacques, entered in the Court of Common Pleas of Adams County, Pa., to no. 101, August term, 1936?

### Discussion

The right of an insurance company paying a loss to a lien creditor to be subrogated to the rights of the creditor against the debtor or against his property, and thereby to reimburse itself, depends primarily upon what it undertook to insure. Both the owner of the property and the lien creditor have insurable interests in the property and either, or both, may carry insurance for their protection. Their interests, however, are different. The creditor's interest is only the right to look to the property for payment of his debt; that is, as security for his debt, and in insuring his interest he insures "not the ultimate safety of the whole of the property, but only so much of it as may

be enough to satisfy his mortgage. It is not the specific property that is insured, but its capacity to pay the mortgage debt. In effect, the security is insured": Smith v. The Columbia Ins. Co., 17 Pa. 253, 260 (1851). If the creditor carries insurance for his own protection, and the insurance company pays a loss equivalent to the debt, such payment is not in relief of the debtor, and the company should be subrogated to the rights of the creditor: Thornton v. The Enterprise Ins. Co., 71 Pa. 234 (1872) ; 29 Am. Jur. §1351.

On the other hand, if the owner of the property carries insurance he is insuring the entire interest in the property, and the company is obligated to indemnify him for the loss. Accordingly, any money paid by the company belongs to the assured, and if paid to a creditor, under an assignment of the policy, or a loss payable clause, such payment is in relief of the debtor and must be applied to the debt: Clarke et al. v. Hartman Co., 105 Pa. Superior Ct. 118 (1932) ; 29 Am. Jur. §1352.

Where a policy is issued to the owner and a mortgagee clause is attached, the company is, in effect, making two contracts. First, it is agreeing to indemnify the owner for the loss of the property and, second, it is insuring the creditor's security for his debt: Knights of Joseph B. & L. Assn. v. Mechanics' Fire Ins. Co., 66 Pa. Superior Ct. 90 (1917). If the circumstances are such that the company would be liable to the owner under the policy, a payment made to the mortgagee would be in relief of the mortgage debt, but if, for any reason, the company would not be liable to the owner, its liability to the creditor would continue. In the latter case, the liability to the creditor would be the same as though the company had insured the creditor's interest alone and, if it pays the creditor, it would be entitled to be subrogated to his rights: Molaka v. American Fire Ins. Co., 29 Pa. Superior Ct. 149 (1905) ; Utter, to use of Franklin Fire Ins. Co., v. Lewis, 10 Dist. R. 50 (1900).

In the present case the company insured the owner's interest in the property. The policy provided that the

company "does insure S. P. Jacques, of Adams County, Pa. . . . to the extent of the actual cash value . . . of the property at the time of loss or damage . . . " A mortgagee clause was attached to the policy under which the "loss or damage, if any, under this policy, shall be payable to E. G. Whited . . . as the mortgagee (or trustee), as interest may appear . . . ." Upon a point raised by the company, we held that the provisions of the mortgagee clause could not apply because Whited was not, in fact, a mortgagee, and that therefore the clause operated merely as a "loss payable" clause: Whited v. The Freystown Mutual Fire Ins. Co., 35 D. & C. 337 (1939).

Since the mortgagee clause did not apply, the company was not liable to Whited under the separate contract of insurance contained in that clause, but was liable to him only as the assignee of Jacques, and any defense which the company had on the policy as to Jacques was effective as to Whited. The liability of the company under the policy, therefore, was to insure Jacques to the extent of the actual cash value of the property and to pay the loss or damage to Whited as his interest might appear. Under the rules above stated, the payment subsequently made by the company to Whited was in relief of Jacques' debt, and the company cannot be subrogated to the judgment.

Under the terms of the mortgagee clause the company would be entitled to subrogation if it paid the mortgagee and claimed that, as to the mortgagor or owner, no liability therefor existed. The company cannot take advantage of this provision of the mortgagee clause for several reasons. First, it contended that the clause did not apply in this case, and this point was sustained by the court. Second, the case was tried on the theory that Whited was an assignee of the policy and the verdict of the jury established the fact that the company had no defense on the policy against Jacques. Third, the case stated sets forth no alleged defense which the company would have on the policy against Jacques.

The contention of the company that Jacques had no interest in the policy because the policy was in the exact

amount of the debt due Whited, and represented only two thirds of the value of the property, cannot be sustained. The policy, by its express terms, insured Jacques, and there are no facts stated which would destroy his rights in the policy, such as existed in Molaka v. American Fire Ins. Co., 29 Pa. Superior Ct. 149, or Utter, to use of Franklin Fire Ins. Co., v. Lewis, 10 Dist. R. 50. The company is bound by the provisions of its policy: Brownsville Second National Bank v. London & Lancashire Ins. Co., 298 Pa. 53 (1929).

We conclude that the payment made by the company to Whited was in relief of the debt due by Jacques to Whited and, consequently, the company is not entitled to be subrogated to the judgment.

*Conclusions of law*

1. The policy issued by the Freystown Mutual Fire Insurance Company insured S. P. Jacques, as owner of the property, to the extent of the actual cash value of the property at the time of loss.

2. The mortgagee clause attached to the policy was ineffective as a mortgagee clause, but was effective as a "loss payable clause".

3. The payment under the policy made by the company to E. G. Whited was made in relief of the debt of S. P. Jacques to E. G. Whited.

4. The Freystown Mutual Fire Insurance Company has no defense under the policy as to S. P. Jacques.

5. The Freystown Mutual Fire Insurance Company is not entitled to be subrogated to the rights of E. G. Whited under the judgment held by E. G. Whited against S. P. Jacques, entered in the Court of Common Pleas of Adams County, Pa., to no. 101, August term, 1936.

In accordance with the case stated a decree will be entered dismissing the bill of plaintiff.

*Decree of court*

And now, March 10, 1941, it is ordered and decreed that the bill of plaintiff be dismissed, and that this decree

be entered nisi, the prothonotary to give notice to the parties or their counsel of record of the entry thereof, and to be entered as a final decree unless exceptions shall be filed thereto within 10 days after such notice.