## Snyder v. Munroe

*Bailey, Pearson, Miller & Bolton* and *Bulleit & Bulleit,* for defendants.

SHEELY, P. J., January 9, 1960.—This matter is before the court on preliminary objections filed by plaintiffs to defendants' answer with new matter.

Plaintiffs purchased a farm on December 23, 1954, and the following day gave a mortgage thereon to a Mrs. Pryor to secure the sum of $8,500. On the same day, Hartford Fire Insurance Company issued to plaintiffs a contract of fire insurance covering the buildings on the farm in the amount of $14,500, and Paradise Mutual Fire Insurance Company issued a similar policy in the amount of $14,900. Both policies contained a standard mortgagee clause making the loss payable to Mrs. Pryor, as mortgagee, and permitting the insurance companies in the event of loss, and in the event that they claim no liability to the mortgagor or

owner existed, to pay the mortgagee the full amount of the mortgage with interest and to receive a full assignment of the mortgage. On February 4, 1955, the dwelling house on plaintiffs' premises was totally destroyed by fire, and both companies denied liability to plaintiffs. On March 21, 1956, the companies paid Mrs. Pryor, the mortgagee, a total of $8,824.37, and, on the same day, Mrs. Pryor assigned the mortgage to defendant, Munroe, who holds it as trustee for the companies. Both insurance policies contained a limitation that no suit thereon should be sustained unless commenced within 12 months next after the inception of the loss.

In the present action, plaintiffs pray for a decree that the mortgage be satisfied of record and that the assignment to Munroe be declared void, contending that the payment to the mortgagee by the insurance companies was in satisfaction of the debt secured by the mortgage.

In their answers, the insurance companies denied that the dwelling house was destroyed without fault of plaintiffs and alleged that plaintiff, Alton W. Snyder, intentionally burned or caused said building to be burned. They admitted that the companies paid Mrs. Pryor, the mortgagee, the full amount of the mortgage with interest, but denied that this payment was in satisfaction of the mortgage, alleging that it was made under the policy provision above referred to.

Under new matter, defendants alleged that plaintiff, Alton W. Snyder, intentionally burned the dwelling house of caused it to be burned; that plaintiffs commenced a suit in assumpsit in the Court of Common Pleas of York County against each insurance company; that the suits were on the same contracts of insurance now made part of plaintiffs' complaint; that the pleadings in those cases and the opinion of the

York County court show that plaintiffs' claim is res judicata, and that the present action is on the contracts of insurance containing the provision that suit must be brought thereon within one year from the time of the loss, and that the present suit was not commenced within that period.

Plaintiffs' preliminary objections to defendants answers and new matter are in the nature of a motion to strike off the pleadings and a demurrer. At the argument, plaintiffs withdrew their objections to paragraphs 28, 29, 42, 56, 57 and 70 of the complaint. They contend, in support of the motion to strike off, that defendants' allegations in paragraphs 32, 33, 60 and 61 of the answer that the mortgage was purchased by defendants from the mortgagee, Mrs. Pryor, is a conclusion of law and should be stricken from the record; that the affirmative defense of res judicata and the defense that this is an action on the insurance contracts and, therefore, barred because not brought within 12 months after the inception of the loss, were passed upon on defendants' preliminary objections to the complaint and cannot be raised again. Their demurrer is based upon the contention that the issues in this action to quiet title and plaintiffs' action of assumpsit are not the same and, therefore, the defense of res judicata is not available; that the present action is not on the contracts of insurance and, therefore, is not subject to the 12-month limitation upon suit.

As we pointed out in our opinion on the preliminary objections filed by defendants to plaintiffs' complaint, if a creditor carries insurance for his own protection and the insurance company pays a loss equivalent to the debt, such payment is not in relief of the debtor, and the company will be subrogated to the rights of the creditor: Thornton v. The Enterprise Insurance Co., 71 Pa. 234 (1872) ; 29A Am. Jur., Insurance,

§1351. On the other hand, if the owner of the property carries the insurance, he is insuring the entire interest in the property and the company is obligated to indemnify him for the loss. Accordingly, any money paid by the company on account of the loss would ordinarily belong to the assured, and if paid to a creditor under an assignment of the policy, or under a loss payable claim, such payment is in relief of the debtor and must be applied to the debt: Clarke & Cohen v. Hartman Co., 105 Pa. Superior Ct. 118 (1932) ; 29A Am. Jur., Insurance, §1352. Where a policy is issued to the owner and a mortgagee clause is attached, the company is, in effect, making two contracts. First it is agreeing to indemnify the owner for the loss of the property, and second, it is insuring the creditor's security for his debt: Knights of Joseph B. & L. Assn. v. Mechanics' Fire Insurance Co., 66 Pa. Superior Ct. 90 (1917). If the circumstances are such that the company would be liable to the owner under the policy, a payment to the mortgagee would be in relief of the mortgage debt, but if, for any reason, the company would not be liable to the owner, its liability to the creditor would nevertheless continue. In the latter case, the liability to the creditor would be the same as though the company had insured the creditor's interest alone and, if it pays the creditor, it would be entitled to be subrogated to his rights: Molaka v. American Fire Insurance Co., 29 Pa. Superior Ct. 149 (1905) ; Utter, to use of Franklin Fire Insurance Co. v. Lewis, 10 Dist. R. 50 (1900) ; Freystown Mutual Fire Insurance Co. v. Whited, 41 D. & C. 605, 609 (1941).

In the present case, the companies recognized and discharged their liability to the mortgagee, Mrs. Pryor, under the mortgagee clause of the policies. At the same time, they specifically disclaimed liability to the owners and, pursuant to the provisions of the policies, they took an assignment of the mortage to their nominee

as trustee for them. They thereby became creditors of the owners with the right to proceed to collect the mortgage debt. But, in any action instituted for the collection of the mortgage debt, the owners could assert any defense which they might have against either the original mortgagee or against the companies as assignees of the mortgagee. Among the defenses available to the owners would be the defense that under the terms of the insurance policies the companies were liable to the owners as well as to the mortgagee and that, therefore, the payment by the companies to the mortgagee was in relief of the mortgage debt, and since the debt was paid in full the mortgage should be satisfied.

Under these circumstances, the owners would not be seeking to sustain a "suit or action on this policy for the recovery of any claim"; they would merely be defending an action to recover the mortgage debt on the ground that under the terms of the policy it had been paid in full. While the defense would be based upon the terms of the policies and the companies' liability thereunder, the owners would not be maintaining an action for the "recovery of any claim." The distinction between the two situations becomes clear if we consider a situation in which the amount of the loss was exactly equivalent to the mortgage debt. In this situation, the most that the owners could assert against the companies would be their right to have the companies pay the mortgagee. But if the companies paid the mortgagee voluntarily, they would have fully complied with their obligation under the policies both to the owners and to the mortgagee and the owners could not then institute any "suit or action on the policy for the recovery of any claim." If the companies denied liability to the owners and took an assignment of the mortgage, as in this case, the owners would not be deprived of their right to assert the liability of the

38

companies to them as a defense to the mortgage merely because they could not bring the action within the 12-month limitation.

Here, of course, the companies have not yet attempted to collect the mortgage debt and the owners seek to have the mortgage satisfied in an action to quiet title. But, as we view it, this difference is immaterial. The owners have not instituted a suit or action on the policy for the recovery of any claim; they are, in effect, defending their title against apparent claims of the insurance companies. It is not necessary for them to wait until such time as the companies might proceed to collect the mortgage debt to assert their defense.

In short, we hold that while the defense of the owners to the mortgage is based upon the alleged liability of the companies under the policies, this is not a suit or action on the policies for the recovery of any claim and is not barred by the 12-month limitation of the policy. In passing, it should be noted that the fire occurred on February 5, 1955, and that the insurance companies paid the mortgagee on March 21, 1956, more than 12 months after the inception of the loss. Plaintiffs could not have asserted their right to have the mortgage satisfied until after the latter date.

The question then arises whether the owners are barred from asserting this defense to the mortgage debt because of the actions instituted by them in the Court of Common Pleas of York County against these same insurance companies and based upon the same insurance policies, in which actions judgment was entered against plaintiffs because the actions were not instituted within the 12 month period provided for in the policy. See Snyder v. Hartford Fire Insurance Co., 72 York 47 (1958). The extent of the doctrine of res judicata is well stated in Hochman v. Mortgage Fi-

nance Corporation, 289 Pa. 260, 263 (1927), where the court said:

"It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained, and applied in proper cases. Nor should its application be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained. The rule should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose,—a second trial on the same cause between the same parties. *The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.* If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule. . . . The requirements for application of the rule are that there be an identity of parties and of subject-matter in the two actions. The first of these requirements being present, all issues that were actually adjudicated in the former action are concluded . . .; and if the whole cause of action in the second case is the same as in the first, not only the issues actually adjudicated in the first proceeding, but also those which might have been raised and passed upon are concluded. If, then, the issues in the present case could have entered into the determination of the first case, they should have been presented; and if they were omitted for any cause, the judgment or decree entered thereon is conclusive between the parties or their privies."

The York County actions were between the same parties as the present action and were an effort on the part of plaintiffs to recover the full amount of the loss as a result of the destruction of their property by fire. The present action is an effort on the part of plaintiffs to have the payment made by the insurance companies to the mortagee applied to payment of the mortgage debt. The ultimate issue in each case is the liability of defendants to plaintiffs on the insurance policies.

The question, then, is whether the ultimate issue of the liability of defendants to plaintiffs was decided, or could have been decided, in the York County cases. The answer to the question is that it was not decided and could not be decided in those cases. All that the York County court decided was that plaintiffs could not sustain a suit or action on the policies for the recovery of any claim after the expiration of 12 months from the inception of the loss. Since plaintiffs were barred from sustaining the actions, the court could not decide the question of defendants' ultimate liability under the policies. Plaintiffs were met by an insurmountable road block at the very outset of the case and never had an opportunity to assert the question of ultimate liability.

The general rule is stated in Moore v. Schell, 99 Pa. Superior Ct., 81, 84 (1930) :

". . . A judgment, to be conclusive in a subsequent suit on the same cause of action between the same parties, must have been on the merits of the case. If the real merits of the action are not decided in the prior judgment, it is no bar. Where a former judgment is founded upon a lack of jurisdiction, a nonjoinder or misjoinder of parties, plaintiff or defendant, a misconception of the form of pleading, a formal or technical defect in the pleadings, or the like, or where the suit is discontinued, the plaintiff becomes nonsuit, the

debt is not yet due, or there is a temporary disability of the plaintiff to sue, or the like, the judgment will be no bar to another action." See also Weigley v. Coffman, 144 Pa. 489, 497 (1891), where it was held that: "A decree, to be conclusive in other cases between the same parties, must have been on the merits of the case: . . . The judgment must be upon the merits; if the real merits of the action are not decided in the prior judgment, it is no bar: . . ." See also Snyder's Case, 301 Pa. 276, 284 (1930) ; 30A Am. Jur., Judgments, §347, et seq.

It is to be noted that the provisions of the policies limiting the time within which suit may be brought do not provide that the policies shall be void if suit is not brought within a year. There is merely a limitation upon the right to bring an action on the policy. The case of Loewenstein v. Queen Ins. Co., 227 Mo. 100, 127 S. W. 72 (1910), is in point. There, as here, plaintiff sought to have a mortgage, which had been assigned to the insurance company, cancelled on the ground that the debt had been paid. The company contended that it was not liable to plaintiffs, as owners, because they had failed to file proofs of loss. The court held that there was nothing in the policy making it void for failure to file proofs of loss, but that the most that could be claimed for them was that the clause in the policy constituted a time limitation on the right of action. It then pointed out that, generally, the statute of limitations does not destroy the subject matter and held that, notwithstanding the failure to file proofs of loss the owners could maintain an action to cancel the mortgage. The court said (p. 122, 127 S. W. p. 78) :

"When the insurance companies without suit pay the mortgage debt, and, . . . take from the mortgagee an assignment of the note and deed of trust, the mortgagor may sustain a suit in equity against them, not

on the policies, and not in their capacity of underwriters, but in their capacity as assignees and holders of the securities under their assignment from the mortgagee, and compel them to cancel the securities and clear the record."

That is the situation in the present case. It is clear that the York County court did not consider the merits of the controversy between the parties and that its judgment does not bar the present proceeding.

The question then arises whether we can sustain plaintiffs' preliminary objections in the nature of a demurrer. Any judgment entered on the demurrer could not be a final judgment adjudicating the rights of the parties, since defendants have also alleged nonliability to plaintiffs on the ground that plaintiff, Alton W. Snyder, was responsible for the fire. This would be a complete defense to plaintiff's claim if established. The general rule is that if part of a pleading is good a demurrer to it must be overruled: Evans v. Tibbins, 2 Grant 451 (1854); Wasiakowski v. Kundreskas, 69 York 185 (1954); Miller Junk and Waste Co. v. Pennsylvania Power & Light Co., 58 York 123 (1944.) In Hubbell's Bakeries, Inc., v. Werner, 5 Chester 8 (1950), Judge Windle made the statement: "There is no such thing as a 'partial' demurrer—a demurrer to a part only of plaintiff's claim."

To sustain plaintiffs' demurrer to two of the three defenses raised would pose the interesting question whether the order was a final judgment from which defendants must appeal promptly or whether it was merely interlocutory permitting an appeal after final judgment. If the demurrer is overruled defendants will be at liberty to raise the same questions at the trial and then appeal from the final judgment if necessary.

Plaintiffs have included in their preliminary objections an objection in the nature of a motion to strike

off the answer contending that defendants' allegations that they "purchased" the mortgage from Mrs. Pryor is a conclusion of law, and, therefore, improperly pleaded, and also raising the same questions as the demurrer. Under Pa. R. C. P. 1017(b) (2), a preliminary objection in the nature of a motion to strike off a pleading is limited to the ground of lack of conformity to law or rule of court or because of scandalous or impertinent matter. We construe the allegation of purchase of the mortgage as an allegation of fact; whether it can be sustained is not now before us. The other allegations are well pleaded and are pertinent to the issues raised by the complaint. The fact that the court overruled defendants' preliminary objections to plaintiffs complaint based on the time limitation of the policies does not prevent defendants from asserting the limitation as a defense to this action. Plaintiffs' preliminary objections cannot be sustained.

And now, January 9, 1960, the preliminary objections of plaintiffs to defendants' answer and new matter are overruled, and plaintiffs are allowed 20 days from this date in which to file a reply thereto. An exception to this order is noted on behalf of plaintiffs.

*Opinion Sur Motion for Judgment n. o. v.*

SHEELY, P. J., November 21, 1961.—This matter is before the court on defendants' motion for judgment n. o. v. after a verdict by the jury in favor of plaintiffs in an action to quiet title. The relevant facts are as follows:

Plaintiffs purchased a farm on December 23, 1954, and gave the seller, Mrs. Pryor, a mortgage for $8,500 as part of the purchase price. At the same time, Hartford Fire Insurance Company issued plaintiffs a fire insurance contract covering several buildings on the farm in the total amount of $14,500, and defendant, Paradise Mutual Insurance Company, issued plaintiffs

a similar contract in the amount of $14,900. Both policies contained the standard mortgagee clause in favor of Mrs. Pryor which provided, inter alia, that "Whenever this company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that as to the mortgagor, or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all of the rights of the party to whom such payment shall be made . . . or may at its option pay the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage. . . ."

After a fire, which destroyed the dwelling house on plaintiffs property on February 4, 1955, both defendants denied liability to plaintiffs and, more than a year later, on March 1, 1956, paid Mrs. Pryor the full amount of her mortgage with interest, a total of $8,-824.37, and took an assignment thereof to their nominee, William G. Munroe.

Both insurance contracts contained the limitation that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within 12 months next after inception of the loss." The present suit was started on December 22, 1958.

A prior action of assumpsit had been instituted by plaintiffs in the Court of Common Pleas of York County against both defendants based on the contracts of insurance claiming for the fire loss. Preliminary objections by defendants were sustained and the action was dismissed on the ground that it had not been brought within one year after the inception of the loss as required by the insurance contracts.

At the trial of this case before a jury in this court in October 1960, four issues were before the court and jury:

1. Was the fire caused intentionally by plaintiff, Alton W. Snyder?

This was a defense raised by defendants who had the burden of proof thereon. It was rejected by the jury and must now be considered settled. No question is raised concerning this part of the verdict.

2. The extent of the fire loss.

The burden here was upon plaintiffs to establish the extent of their loss because, obviously, they could not contend for a credit upon the mortgage in an amount greater than defendants would have been obligated to pay under the policies. The loss was fixed by the jury at $5,000, as of February 4, 1955, and this question must now be considered settled.

3. Was the limitation contained in the insurance contracts, requiring that any suit or claim be brought within 12 months next after the inception of the loss, a bar to this action?

This was a legal question for the court and was negatived by the refusal of defendants' point for charge number 2.

4. The defense of res judicata based on the record in the action in York County between the same parties in which plaintiffs sought to recover the fire loss from defendants.

This was a legal question for the court and was negatived by the refusal of defendants' point for charge number 3.

Defendants' motion for judgment n. o. v. is based on the third and fourth issues above stated.

After plaintiffs filed their complaint in this case, defendants filed preliminary objections in the nature of a motion for a more specific complaint and in the nature of a demurrer. Their demurrer was based on the contention that the present action was actually an

action based upon the contracts of insurance which was barred because not brought within 12 months next after the inception of the loss as required by the insurance contracts. This is the third issue above referred to, and we overruled this contention in an opinion filed on June 30, 1959, for the reasons therein stated.

Defendants then filed an answer with new matter to plaintiffs' complaint, again raising, inter alia, the defense that this is an action on the insurance policies and, therefore, barred because not brought within 12 months next after the inception of the loss, and also alleging the affirmative defense of res judicata based on the record in the action in the Court of Common Pleas of York County between the same parties, in which plaintiffs sought to recover the fire loss from defendants, and in which the court dismissed the action because not brought within the 12-month time limitation. Plaintiffs filed preliminary objections thereto, in the nature of a motion to strike off the pleadings and in the nature of a demurrer. Their demurrer was based upon the contention that the issues in this action to quiet title and plaintiffs' action of assumpsit in York County are not the same and, therefore, the defense of res judicata was not available, and that the present action is not on the contracts of insurance and, therefore, is not subject to the 12-month limitation upon suit. In an opinion filed on January 9, 1960, we sustained plaintiffs' contentions on these issues, but held that, since defendants had also alleged a good defense to plaintiffs' action by alleging that plaintiff, Alton W. Snyder, was responsible for the fire, the preliminary objections could not be sustained.

In the two opinions referred to, June 30, 1959, and January 9, 1960, we discussed fully and disposed of the legal questions raised by defendants' points for charge number 2 and 3 (issues number 3 and 4, above stated). Defendants have properly protected the record

by raising these same questions again at the trial and in their motion for judgment n. o. v., but nothing would be gained by repeating what we said in our former opinions. For the reasons therein stated, defendants' motion for judgment n. o. v. must be overruled and judgment entered on the verdict in favor of plaintiffs.

At the pretrial conference in this case, it was agreed that the matter of interest or damages for delay in payment should not be submitted to the jury but that the jury, if it found for plaintiffs, should determine by its verdict the amount of the loss as of February 4, 1955. Under Pa. R. C. P. 1066(b) (4) the court, upon granting relief to plaintiff, shall enter an order necessary for the granting of proper relief. Plaintiffs contended that the mortgage should be fully satisfied. However, the principal amount due on the mortgage as shown by exhibit B to plaintiffs' complaint was $8,-404.16, with interest at 5 percent from April 1, 1955. The verdict of the jury fixed the amount of the loss sustained by plaintiffs by reason of the fire on February 4, 1955, as $5,000. Under the terms of the policies, the loss was payable 60 days after proof of loss. Here there were no proofs of loss filed, but since the building was totally destroyed, we will hold that the loss was payable 60 days after the fire, or on April 5, 1955, and will direct that a credit of $5,000 be entered on the mortgage as of that date .

And now, November 21, 1961, defendant's motion for judgment n. o. v. is overruled and it is directed that judgment be entered on the verdict in favor of plaintiffs and against defendants upon payment of the jury fee, and it is further ordered and decreed that the Recorder of Deeds of Adams County enter a credit of $5,000, as of April 5, 1955, on the mortgage given by Alton W. Snyder and Hallie A. Snyder, to Lillian B. Pryor dated December 24, 1954, and recorded in

48

the office of the Recorder of Deeds of Adams County in Mortgage Book U-4 at page 256. An exception to this order is noted on behalf of defendants.