## Knights of Joseph B. & L. Assn. *v*. Mechanics' Fire Ins. Co. of Philadelphia, Appellant.

*Insurance — Fire insurance — Change of ownership — Mortgage clause—Notice of change of ownership—Reasonable time.*

A mortgage clause attached to a policy of fire insurance is not an assignment of the policy or a loss clause payable to the mortgagee, but is an independent contract of insurance.

Where a mortgage clause attached to a fire policy states that the loss shall be payable to the mortgagee, and not be invalidated by any change in the title or ownership of the property "provided that the mortgagee shall notify this company of any change of ownership ......which shall come to the knowledge of the said mortgagee," the proviso is not a condition precedent, but is a covenant, directory in character, and merely requires the mortgagee to give notice within a reasonable time to the company of any change of title which comes to his knowledge.   What is a reasonable time is a question for the jury under proper instructions from the court.

Argued Oct. 31, 1916.   Appeal, No. 242, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 800, on verdict for plaintiff in case of Knights of Joseph Building & Loan Association v.

The Mechanics' Fire Insurance Company of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a fire insurance policy.

The facts are stated in the opinion of the Superior Court.

WESSEL, J., charged in part as follows:

["The insurance company claims that the building association, being the holder of the second mortgage, when it took title to the real estate the lesser estate, that is, the mortgage, became merged in the greater estate, that is, the estate in fee simple. As a matter of law that is true, and I so instruct you that there was a merger by reason of that act, unless you find as a fact that the building association intended that the merger should not take place. In other words, if the building association became the owner of the fee, and it already was the owner of the mortgage, if it signified by any of its acts an intention on its part to be the owner of the fee and keep the mortgage alive at the same time, then its intention controls the situation. The association did become the owner of 1426 South street by deed from Sclarenco dated March 18, 1915, or deed from the sheriff dated January 4, 1915, whichever you conclude was the actual conveyance to the association. Did it intend by the conveyance of the property to it as owner to merge the mortgage in the fee simple title? In the first place, it appears of record before you that they did not satisfy the mortgage. In the second place, it appears by the deeds which you will have out with you, that in each one of these two deeds there is a provision that the property is conveyed subject to the payment of certain mortgage debts or principal sums of $5,500 and $3,500 with interest due thereon. So you have the writings before you, and you would be justified from these writings, if you believe them, in concluding that it (the building association) did not intend to have a merger by taking title as owner in fee, that is a ques-

92 K. OF J. B. & L. ASSN. *v.* MECHANICS' F. INS. CO., Appel.

Charge of Court below—Assignment of Errors. [66 Pa. Superior Ct.

tion of fact for you, and it is a question for you to de-
termine from the evidence......If you conclude there
was not a merger but the mortgage was kept alive, that
it intended to keep it alive, as you may conclude from the
evidence of these deeds and the nonsatisfaction of the
mortgage, then you will pass to the consideration of an-
other question."]   (1)

["If you conclude that there was an actual change of
ownership here, then it became the duty of the building
association within a reasonable time to notify the insur-
ance company of that change of ownership.   There is no
time fixed in the policy within which the notice is to be
given of a change of ownership.   Therefore the law says
that they have a reasonable time within which to give
notice, and you have heard the explanation of the plain-
tiff here as to the cause of the delay, that the secretary
had run away, and that they had a great deal of difficulty
in finding papers, and it took them two months to get the
papers together, and that there was all this delay about
the property and about securing title papers and every-
thing else.   That is their explanation as to the reason for
not notifying this company as to their having you con-
clude that a reasonable time did not elapse.   That is a
question of fact for you to consider.   If you come to the
conclusion that there was a change of ownership, as
evidenced by the facts to which I have already directed
your attention, and you find that a reasonable time had
already expired then it is your duty to return a verdict
for the defendant.   If you find that a reasonable time had
not expired, then you will pass to consider another ques-
tion to which I will briefly hereafter call your atten-
tion."]   (2)

Verdict and judgment for plaintiff for $1,054.44.   De-
fendant appealed.

*Errors assigned,* among others, were (1, 2) portions of
charge as above quoting them and (14) refusal of bind-
ing instructions for defendant.

*Thomas O. Peirce,* with him *John M. Campbell,* for appellant.—The legal effect of the mortgagee clause is that the insurance company agrees to pay the loss directly to the mortgagee, provided the mortgagee complies with the terms of the mortgagee clause: Syndicate Ins. Co. v. Bohn, 65 Fed. 165.

Under the mortgagee clause there was a clear duty upon the mortgagee to notify the company of the sheriff's deed to Sclarenco and of the deed from Sclarenco to the appellee mortgagee: Southern B. & L. Assn. v. Pennsylvania Fire Ins. Co., 23 Pa. Superior Ct. 88; Marcello v. Concordia Fire Ins. Co., 234 Pa. 31; Continental Ins. Co. v. Anderson, 107 Ga. 541; Cole v. Germania Fire Ins. Co., 99 N. Y. 36; Ormsby v. Phenix Ins. Co., 5 S. D. 72.

Even had the notice been given, its reasonableness would have been a question for the court and should not have been submitted to the jury: Swan v. Watertown Fire Ins. Co., 96 Pa. 37; Inland Ins. & Deposit Co. v. Stauffer, 33 Pa. 397.

*W. L. Sheppard* and *W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellee.—The provision in the mortgagee clause requiring notice of change of ownership is a covenant and not a condition: Phenix Ins. Co. v. Omaha Loan & Trust Co., 41 Neb. 834; Pioneer, Etc., Loan Co. v. Providence, Etc., Co., 17 Wash. 175; Whitney v. American Ins. Co., 56 Pac. 50; Paschall v. Passmore, 15 Pa. 295; Clinton v. Norfolk Mut. Fire Ins. Co., 176 Mass. 486; Bailey v. American Cent. Ins. Co., 13 Fed. Rep. 250; Portland Ice Co. v. Connor, 32 Pa. Superior Ct. 428; Inland Ins. & Dep. Co. v. Stauffer, 33 Pa. 397.

Opinion by Kephart, J., March 13, 1917:

The interest of the mortgagor in the premises damaged by fire was, by foreclosure proceedings, conveyed January 4, 1915, to Sclarenco, and by him, on March 18, 1915, to the plaintiff, the mortgagee. The fire occurred on April

94 K. OF J. B. & L. ASSN. *v.* MECHANICS' F. INS. CO., Appel.

Opinion of the Court. [66 Pa. Superior Ct.

22, 1915. This suit was brought by the mortgagee to recover on the contract of insurance arising from the mortgagee clause attached to the mortgagor's policy. So much of this clause necessary to the determination of the case reads as follows: "Loss or damage, if any, under this policy, shall be payable to Knights of Joseph Building and Loan Association as mortgagee (or trustee), as its interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceeding or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. Provided also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The defendant denies liability because notice of the change of title and ownership had not been given to the defendant. The mortgagee clause with the contract of insurance creates a new agreement between the company and the mortgagee. It does not include all the provisions of the policy, and contains many provisions not included in it. It has been held that the mortgagee clause is not an assignment of the policy or a loss clause payable to the mortgagee, but an independent contract of insurance: Ormsby, et al., v. Phœnix Insurance Co., 5 S. D. 72, and cases there cited. Considered as an inde-

pendent contract, the argument is advanced that in the use of the word "provided," before the requirement of notice, a condition precedent to the existence of the contract is brought about which, until complied with, suspends the operation of the contract. The word "provided" has no such inflexible meaning that its use may not from the context following, be introductory of a covenant or precede requirements which affect no substantial object immediately vital to the contract, in which case it may be said to be merely directory. Notwithstanding there may be a change in the title, ownership or an increased hazard, from the provisions of the contract, the insurance continues in full force for the benefit of the mortgagee though notice of such change had not been given to the insurance company. The notice required is to be given by the mortgagee when he knows of the changes, but as the contract exists for his benefit, when he does not know of the changes, how can the fact of his knowledge alter the aspect of such "change" so as to impose a heavier or unusual burden on the company, or increase the insurance risk, and for what reason would such knowledge by the insured suspend the contract already in existence? The mortgagee clause does not undertake to impose on the insured the duty of ascertaining whether such changes are made, and when notice is given within a reasonable time no substantial right the company may have can be prejudicially affected. It would seem that the provision requiring notice is merely directory as it does not refer to anything that is by the agreement made such a substantive part of the contract; a forfeiture will not be declared if the notice be given within a reasonable time.

It is the duty of the company, if it wishes to adopt a policy that will best protect its interests, preserve the safeguards which existed at the policy's origin, and be protected in the payment of any loss arising under the policy, to be diligent in ascertaining if there has been a change of title, ownership or hazard affecting the policy.

This information is acquired in many ways, but as an additional source, it is agreed between the mortgagee and the company that should the mortgagee know of these facts, within a reasonable time it shall report them to the company. There is no allegation here that through the failure of the mortgagee to give notice before the fire the company has suffered any loss that it would not have been compelled to pay had such notice been given, and notice was given when the proof of loss was delivered to the company. It is not claimed that the transfer of the property in any manner increased the hazard of the risk. These matters would be a proper defense under the covenant in the contract, but should be averred and proven by the company. "Where the language of an agreement can be resolved into a covenant, the judicial inclination is so to construe it; and hence it has resulted that certain features have ever been held essential to the constitution of a condition. In the absence of any of these, it is not permitted to work the destructive effect the law otherwise attributes to it": Paschall v. Passmore, 15 Pa. 295-307.

This mortgagee clause, when given, contemplated changes in the title, ownership and possession that necessarily follows the ordinary foreclosure proceedings on a mortgage. It was the mortgagee's interest, through these various changes, that was being protected under the agreement, and the damage in that protected interest is now being sued for. The provisions of the policy itself as to forfeiture are modified and under certain conditions omitted by the new agreement which springs from the mortgagee clause and the insurance policy, and as modified they should be dealt with in the light of the language contained in the mortgagee clause.

We may conclude from what we have said, and as far as it is necessary for us to go in the present case, the notice as here required should be given within a reasonable time. The reasonableness of the time is generally a question for the jury. It depends on the circumstances

of each case, and the necessity for prompt action. The law will not undertake to fix any definite period within which the mortgagee shall act. The circumstances may be such as to prevent him from giving the notice required and it should be only in clear cases that the court should say as a matter of law that the time when the notice was given was an unreasonable length of time. As was said by this court, in Portland Ice Co. v. Connor, 32 Pa. Superior Ct. 428, reasonable time is generally a mixed question of law and fact, not only where the evidence is conflicting but even in some cases where the facts are not disputed and the matter should be decided by the jury upon the proper instructions on the particular circumstances of each case. The jury were properly instructed on this phase of the case and the reasons why notice was not sooner given were outlined to them by the court. As we view the case, the question of merger of title in the plaintiff when the property was bought by Sclarenco, was one of intention and for the jury. By their finding appellee's mortgage was not divested by that sale. We do not think that the circumstances were so free from doubt that a definite legal rule could be applied to them and the question was, therefore, for the jury.

The judgment is affirmed.

PORTER, J., dissents.