# Bell Company *v.* Monroe Hotel Company, Appellant.

*Insurance—Fire insurance—Suit for premiums—Mortgagee clause—Statement of claim—Sufficiency—Affidavit of defense.*

In an action for insurance premiums, an affidavit of defense is sufficient which avers a payment made on account of premiums, together with a supplemental affidavit which avers the payment in full.

On a rule for judgment for want of a sufficient affidavit of defense, such judgment must find its proper and only support in the statement of claim, which must distinctly aver a legal cause of action against the defendant.

In an action against a mortgagee by an insurance broker company for premiums due on certain insurance policies containing mortgagee clauses, a statement averring failure of payment by the mortgagor, but which did not set forth that the plaintiff had paid the premiums to the insurance companies which issued the policies, and as a consequence, showed no support for any application of the doctrine of equitable subrogation, is insufficient.

Argued December 1, 1919.   Appeal, No. 155, Oct. T., 1919, by defendant, from judgment of C. P. Monroe County, Sept. T., 1916, No. 20, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of E. A. Bell Company, a corporation, *v.* Monroe Hotel Company, a corporation.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

460, (1920).] Statement of Facts—Opinion of the Court.

Assumpsit for insurance premiums.   Before SHULL, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was the order of the court.

*J. Thruston Manning, Jr.,* and with him *C. Raymond Bensinger* and *Conrad, Brinton & Acker,* for appellant. —The defendant, as mortgagee, was not liable for the insurance premiums: Forscht v. Green, 53 Pa. 138; Washington Insurance Company v. Grant & Stone, 4 Penna. L. J. 88, 2 Clark 308; Porter v. Safe Deposit & Trust Co., 65 Pitts. Leg. J. 49.

*F. B. Holmes,* for appellee, cited: Knight of Joseph B. & L. Assn. v. Mechanics Fire Ins. Co., of Phila., 66 Pa. Superior Ct. 90; Reed v. Firemen's Insurance Co. (N. J. Court of Errors and Appeals, 1911), 35 L. R. A. N. S. 343; Heilbrunn v. German Alliance Ins. Co., 202 N. Y. 610, 1915 C. 759; Phœnix Ins. Co. v. Omaha Loan & Trust Co., 60 N. W. 133; Ormsby v. Phœnix Ins. Co., 5 S. D. 72; Glens Falls Ins. Co. v. Porter, 44 Fla. 518; 18 L. R. A. N. S. 205; Bacot v. Phœnix Ins. Co., 25 L. R. A. N. S. 1226.

OPINION BY HEAD, J., February 28, 1920:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense to a part of the plaintiff's claim and the defendant appeals.   A valid judgment in such a case must find its proper and only support in the statement of claim which must distinctly aver a legal cause of action against the defendant, other-

wise, such a judgment would be without any foundation upon which it could rest.

White was the owner of a hotel property bound by the lien, inter alia, of a purchase-money mortgage to his vendor, the present defendant. The mortgage contained a covenant by the mortgagor to keep the property insured in a certain sum for the protection of the mortgagee, to the extent of his interest. In discharge of this obligation White negotiated with the plaintiff company for a line of insurance and induced it "as agent for divers insurance companies" to write, countersign, and put in force a large number of policies for an aggregate indemnity of $105,000. The present defendant, the mortgagee, was no party to these negotiations nor in any way interested in the terms on which the insurance was purchased. Those were matters solely for the mortgagor or owner with which he had the right to deal as best he could. A number of these policies contained a rider commonly called a mortgagee clause of which the following is the material portion: "loss or damage if any under this policy shall be payable to Monroe Hotel Company mortgagee or trustee as interest may appear...... etc. Provided that in case the mortgagor or owner shall neglect to pay any premiums due under this policy the mortgagee or trustee shall on demand pay the same."

It appears the plaintiff company, for its own purposes, extended an indefinite line of credit to White in regard to the payment of premiums, charging them to him in an open account and permitting him to pay on that account such sums as his convenience might dictate. After many of the premiums had been due for more than a year, the plaintiff company, the agent of the insurance companies, brings this action in its own name and right against the mortgagee; White, its contract debtor, having become insolvent. A spirited contention arose between the parties as to whether the language of the policy rider created a covenant or but a condition. The learned counsel for appellee argues with much force in

support of the contention that it created a covenant on
the part of the mortgagee to pay. Let it be assumed
this is the correct construction. To whose benefit did
the obligation of that covenant enure? There seems
little room for doubt it must be held the covenantees
were the insurance companies that furnished the pro-
tection or the indemnity which was the only valuable
consideration moving to the mortgagee. With the serv-
ices rendered by the plaintiff company in procuring the
line of insurance and writing the policies, the mortgagee
had nothing to do. It received nothing of value from
the plaintiff company, hence, in speaking of another por-
tion of such a clause in a fire insurance policy, this court
said in Knights of Joseph v. Insurance Company, 66 Pa.
Superior Ct. 90: "The mortgagee clause with the con-
tract of insurance creates a new agreement between the
company and the mortgagee." The plaintiff's statement
does not even aver that it was required to pay or did pay
the premiums to the several companies which issued the
policies and as a consequence it shows no possible sup-
port for any application of the doctrine of equitable
subrogation. If it be able to show on the trial that it
actually did pay the premiums and thus kept alive the
insurance which protected the mortgagee, it may be
necessary to consider how far any claim of right to sub-
rogation would be affected by its action in going outside
the usual course of business and the demands of the poli-
cies which required the premiums to be paid in cash.
Its desire to maintain friendly relations with the prop-
erty owner and keep what looked like a profitable line of
business may have led it to disregard the equities of the
mortgagee, this defendant, whose undertaking, after all,
was not primary and unconditional, but was fully alive
only after a default by the mortgagor and a demand
made on the mortgagee.

It appears from the affidavit of defense that some of the
policies which contained the rider clause referred to
were written to protect the mortgagor against loss on

personal property, wearing apparel, and the like. The amount of premium that would be owing for such insurance bought no protection for the mortgagee because such property was outside the mortgage. We are not prepared to make complicated calculations to ascertain just what these premiums amounted to. It appears also, there was a payment made by the defendant to the plaintiff of the sum of $1,500 on account of premiums yet unearned on October 1, 1915, and it is declared that this sum paid all of such premiums, except the sum of $321.69. A supplemental affidavit of defense shows that the last named sum had also been paid and the appellant exhibits a rather convincing calculation to show that, in any event, the plaintiff had been paid in full for all of the unearned premiums accruing after the date mentioned. Nothing very important can be predicated of this payment except the fact of it for the reason, as appears in the receipt, that it was not intended thereby that the present defendant assume any liability for any portion of the said premiums unpaid beyond those unearned on the first of October, 1915.

White, having defaulted in the payment of some portion of the mortgage debt, foreclosure proceedings were begun in which the defendant obtained a judgment in the court of common pleas of Monroe County. In liquidating the amount of that judgment it included therein the total amount of the premiums demanded by this plaintiff because the mortgage contained a covenant that the mortgagor would pay to the mortgagee any such premiums paid by or collected from the latter. The property was sold at sheriff's sale for a sum of money entirely insufficient to pay the real mortgage debt and the defendant, of course, received nothing from the fund, on account of the $1,500 it had paid or on account of that part of the judgment which represented the premiums demanded from it but not paid. The plaintiff contends that because of the facts stated it acquired an interest in that judgment obtained by the defendant and that the

latter was obliged to regard itself as a trustee for the plaintiff and share the fund produced by the sheriff's sale pro rata. We can discover no merit in this contention and if there were there is nothing now before us which would enable us to liquidate the amount the plaintiff might claim on that account. The ascertainment of the correct amount at which the judgment obtained in the court should be liquidated was one in which the defendant in the judgment was concerned. If any injustice were done to him he would have standing to appeal to the court which entered the judgment to rectify any mistake that had been made.

We have not adverted to other questions that may at some time demand consideration in the correct disposition of this case, but we think we have said enough to indicate the reasons that lead us to the conclusion it is no proper case for a summary judgment. When the facts shall have been duly established by evidence and found by a jury under proper instructions, there will then be a fair opportunity to dispose of such controlling legal questions as may arise on the established facts.

The judgment is reversed and a procedendo awarded.