[No. 19126. Department One. May 14, 1925.]

INLAND FINANCE COMPANY, *Appellant,* v. HOME
INSURANCE COMPANY, *Respondent.*[1]

INSURANCE (91, 146)—FORFEITURE—BREACH OF CONDITIONS BY IN-
SURED—CHANGE OF TITLE OR INTEREST—POLICY PAYABLE TO MORTGAGEE.
A provision in a fire insurance policy on an automobile, loss payable
to the mortgagee as his interest may .appear, makes the mortgagee
a mere appointee to receive the money; and does not preclude an
annulment of the mortgage if the mortgagor incumbers the prop-
erty by a second mortgage, in violation of the terms of the policy,
authorizing annulment therefor.

Appeal from a judgment of the superior court for
Spokane county, Blake J., entered June 18, 1923, upon
sustaining a demurrer to the complaint, dismissing an
action on a fire insurance policy. Affirmed.

*Charles E. Swan,* for appellant.
*E. Eugene Davis,* for respondent.

BRIDGES, J.—Suit on a fire insurance policy. A de-
murrer to the complaint was sustained. The plaintiff
refused to plead further and a judgment was entered
dismissing the action.

The complaint alleged that the Spokane Elgin Com-
pany sold an automobile to one Henry Walberg, who
gave a mortgage back to the vendor on the machine to
secure a part of the purchase price. This mortgage
was duly filed, and within a few days after its execu-
tion was assigned by the Elgin Company to the appel-
lant, Inland Finance Company. The mortgage pro-
vided that the mortgagor should keep the property in-
sured in favor of the mortgagee or its assigns against
loss by fire, collision, theft, etc. Complying with this
provision of the mortgage, Walberg, the mortgagor,

[1]Reported in 236 Pac. 73.

procured from the respondent a policy of insurance on the automobile in question for $1,100, protecting the property against loss by fire, theft, etc. The complaint further alleged that, during the term of the insurance, the mortgage mentioned was satisfied and Walberg gave to the appellant another mortgage covering the same property, but securing a less amount of the same debt. This mortgage contained the same provisions as those found in the first.

After the giving of this mortgage, and also during the term of the insurance, Walberg gave a second mortgage on the automobile to a man by the name of Stone. The policy runs to Walberg, the mortgagor. It recognizes that the appellant holds a mortgage on the insured property, for it has the following clause: "The automobile described is fully paid for by the assured and is not mortgaged or otherwise encumbered, except as follows: Inland Finance Co." Another provision of the policy provides that it shall be void if the insured property be "encumbered by any lien or mortgage." During the term of the insurance, the automobile was totally destroyed by fire.

We will not discuss the first question raised, which is the fact that the insurance policy does not contain any clause providing that the loss, if any, shall be payable to the mortgagee as his interest may appear, nor any reference to the mortgagee other than merely reciting that it holds a mortgage on the property, nor will we decide how such facts might affect the appellant. Neither will we discuss the second question raised, which is the effect on the insurance policy because of the satisfaction of the mortgage that existed when the insurance was written and the giving of another mortgage on the same property to appellant to secure a part of the same indebtedness.

We will assume for the purpose of this case that there is in the policy a provision to the effect that the loss, if any, shall be paid to the mortgagee as its interest may appear, and that the appellant still holds the mortgage which was executed prior to the issuance of the insurance. Certainly, appellant's assumed position is fully as strong as that actually occupied by it.

Where a fire insurance policy runs to a mortgagor and provides that the loss, if any, shall be payable to the mortgagee as his interest may appear, the almost universal rule of the authorities is that the mortgagee is merely an appointee to receive the money in the event of loss and that his rights are no greater than those of the assured, and that a breach by the latter of the terms of the policy will void it as to the mortgagee. In other words, the "pay to the mortgagee" clause is but little, if anything, more than an order by the mortgagor on the insurance company to pay the loss, if any, to the mortgagee as its interest may appear, which order has been accepted by the insurance company. The rule is thus stated in 14 R. C. L. 1084:

"A clause in a policy merely making the loss payable to a mortgagee as his interest may appear makes the mortgagee the simple appointee of the mortgagor, to receive the proceeds of the amount of his interest and to place his indemnity at the risk of every act and omission of the mortgagor that would avoid, terminate, or affect the insurance of the latter's interest under the terms of the policy. But, as has been heretofore stated in considering affirmative warranties, policies issued at the present time protecting the interest of the mortgagee usually contain what is known as the union or standard clause by which it is stipulated that, in case the loss is directed to be payable to a mortgagee, the interest of the mortgagee in the proceeds of the policy shall not be invalidated by the act or neglect of the mortgagor or owner of the insured property, or, less frequently, that no act or default of any person

other than the mortgagee or those claiming under him shall affect his right to recover in case of loss." ·

In 26 C. J. 273, the rule is stated thus:

"Under a policy making the loss payable to a third person as his interest may appear, the payee is not a party to the contract, but only an appointee whose rights are dependent upon the rights of insured, and a violation by the latter .of the conditions of the policy will forfeit the rights of such appointee."

Again, at page 84 of the same volume, speaking of the same question, it is said:

"Since there is no contract between the mortgagee and insurer under such a policy, the mortgagee can recover only when the mortgagor could have done so had the money been payable to himself instead of being payable for his benefit to the mortgagee, and any breach of the mortgagor of conditions precedent or subsequent which will avoid or forfeit the policy as to him will also invalidate it as to the mortgagee."

Each of the texts which we have quoted cites many cases in support of the rule.

In *Hill v. International Indemnity Co.,* 116 Kan. 109, 225 Pac. 1056, it is said:

"It is a well-settled principle of insurance law which has been long established and apparently universally followed that where the policy simply designates the mortgagee as the person to whom the loss, if any, is payable to the extent of his interest, the balance if any to be payable to the insured, that the · mortgagee is bound by the conditions of the policy to the same extent the assured is bound, and, if the conditions be broken in such a way that the assured cannot recover, the mortgagee cannot recover."

A great many cases supporting the rule have been collected in the last cited case, which is a very recent one. The authorities are also fully collected and set out in an extensive note to *Brecht v. Law, Union & Crown Ins. Co.,* 160 Fed. 399, 18 L. R. A. (N. S.) 197.

It will be remembered that there was a clause in the insurance policy which annulled it in the event the property insured was "encumbered by any lien or mortgage." This clause, of course, is very broad and read alone would include the mortgage held by the appellant, but in the light of a previous clause in the policy which recognizes that the appellant holds a mortgage, the clause just quoted could, of course, have reference only to mortgages other than that held by the appellant. The complaint, it will be remembered, recites that the mortgagor violated this provision of the policy by giving a second mortgage to Mr. Stone. It would therefore clearly appear that the assured (Walberg) had violated the terms of the insurance policy and that because thereof he could not collect any insurance, and under the authorities we have quoted, if he cannot enforce the policy, neither can his mortgagee, the appellant. No "union or standard" clause, as mentioned by one of the quotations we have made, providing that the mortgagee shall not be responsible for any acts of the mortgagor which might avoid the policy, has been called to our attention, nor have we been able to find any such provision in the policy in suit.

For the reasons given, it would appear that the complaint failed to state a cause of action. The judgment is affirmed.

TOLMAN, C. J., MAIN, ASKREN, and PARKER, JJ., concur.