[No. 19405.   Department One.   December 8, 1925.]

A. B. Wyley *et al., Appellants,* v. Federal Insurance Company, *Respondent.*[1]

Insurance (95, 146)—Forfeiture of Policy—Additional Insurance—Policy for Benefit of Mortgagee—"Payee." A provision in a policy of fire insurance that the loss, if any, is payable to the conditional sales vendor, as his interest may appear, makes such vendor a mere appointee to receive the money, and does not preclude annulment of the policy, if the vendee takes out additional insurance, in violation of the terms of the mortgage; notwithstanding the company had notice that the conditional sales vendor held the title to the car, and was referred to in the policy as the "payee," the policy reciting that his interest was by virtue of the contract of sale.

Same (95, 146). The fact that such a policy has attached an embezzlement rider, which was a direct contract of insurance between the insurance company and the conditional sales vendor, does not change the relationship in the main policy between the vendee and the company.

Same (109)—Waiver as Estoppel to Avoid Policy—Knowledge of Officers. An insurance company does not waive its right to forfeit a policy of fire insurance on an automobile by the fact that it had knowledge that the insured conditional sales vendee took out additional insurance on the car in violation of the terms of the policy and failed to give notice thereof to the conditional sales vendor who was the payee of the policy.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 12, 1925, upon the pleadings and opening statement of counsel, dismissing an action on contract. Affirmed.

*Chas. W. Johnson,* for appellants.
*Roberts & Skeel* and *D. D. Mote,* for respondent.

Askren, J.—Plaintiffs brought this action to recover on a policy of insurance, and from a judgment in favor of the defendant at the close of plaintiffs' opening statement, this appeal is taken.

[1]Reported in 241 Pac. 292.

The following state of facts, relied upon for recovery, appear from the pleadings and opening statement of counsel: Appellant, Dahlhjelm Garages, Inc., sold a Stanley automobile to A. B. Wyley under a conditional bill of sale, upon which there was a balance due of Six Hundred Dollars. The respondent insurance company issued a policy on the 13th day of February, 1924, to Wyley, in the sum of Six Hundred Dollars, insuring the automobile against fire arising from any cause whatsoever. Wyley thereupon paid the premium charge of $18.60. This policy contained the usual endorsement clause providing as follows:

"Federal Insurance Company
Issued to A. B. Wyley
Automobile Mortgage Clause.

"Subject to all the terms and conditions of this policy, loss or damage, if any, shall be payable to Dahlhjelm Garages, Inc., vendor, mortgagee, or trustee hereinafter called payee, as interest may appear. The interest of payee under this policy being by virtue of contract of sale.

"The payee agrees, evidenced by the acceptance of this policy, that in case the purchaser, mortgagee, or owner shall, neglect to pay any premium due under this policy, the payee shall on demand pay the same.

"Dated February 13th, 1924.

"Thieme, Morris, Hansen & Rowland, Inc.
"——————— Thieme, Agent."

On the same day, there was also attached to the policy an embezzlement provision, which provided that, since the automobile had been sold to A. B. Wyley by the Dahlhjelm Garages, Inc., in consideration of a premium of $7.50, paid by the Dahlhjelm Garages, Inc., that company was to be insured against direct loss or damage sustained by the disposal or concealment of the automobile by the said Wyley. Thereafter the automobile was taken to Bellingham and there destroyed by

fire. Shortly before its destruction, without appellant's knowledge, another fire insurance policy in the Firemen's Fund Insurance Company was placed by Wyley upon the automobile, and after loss that policy was paid.

As a defense to the action to recover upon the policy for loss by fire, the answer alleged, as an affirmative defense, that the policy was voided by Wyley's taking out a second policy of insurance in the Firemen's Fund Insurance Company, because the same was in contravention of the provisions of the policy issued by respondent, one of which was as follows:

"Other Insurance: No recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been effected."

In reply, appellants alleged that the respondent knew the last policy had been issued; that appellants did not know it, and that such facts constituted a waiver. The trial court held that the policy had been voided, and gave judgment in favor of respondent.

This case in many respects is like, and we think controlled by, the case of *Inland Finance Co. v. Home Insurance Co.,* 134 Wash. 485, 236 Pac. 73. In that case, an automobile had been mortgaged and the policy of insurance contained the usual conditions against other insurance, and also contained the standard endorsement clause providing for payment to the mortgagee as his interest might appear. In holding that there could be no recovery where additional insurance had been taken out, it was there said:

"Where a fire insurance policy runs to a mortgagor and provides that the loss, if any, shall be payable to the mortgagee as his interest may appear, the almost universal rule of the authorities is that the mortgagee is merely an appointee to receive the money in the event

of loss, and that his rights are no greater than those of the assured, and that a breach by the latter of the terms of the policy will void it as to the mortgagee. In other words, the 'pay to the mortgagee' clause is but little, if anything, more than an order by the mortgagor on the insurance company to pay the loss, if any, to the mortgagee as its interest may appear, which order has been accepted by the insurance company."

But appellant contends that there is a distinction between that case and this inasmuch as the indorsement clause which we have set out refers to the appellant as payee, and that, since the company had knowledge that Wyley was not the holder of the title, he being a purchaser under a conditional sale contract, the word "payee" indicates an intention to insure the Dahlhjelm Garages, Inc., rather than attempt to insure Wyley.

In the *Inland Finance Co.*, case, *supra,* we quoted from the rule stated in 26 C. J. 273:

" 'Under a policy making the loss payable to a third person as his interest may appear, the payee is not a party to the contract, but only an appointee whose rights are dependent upon the rights of insured, and a violation by the latter of the conditions of the policy will forfeit the rights of such appointee.' "

Appellant places much reliance upon our decision in *Boyd v. Thuringia Insurance Co.,* 25 Wash. 447, 65 Pac. 785, 55 L. R. A. 165. In that case a mortgage of four hundred dollars was given upon certain real estate, and insurance in the sum of three hundred dollars was placed on the house situated thereon. The policy was delivered by the insurance company to the mortgagee. The policy contained a provision against alienation or subsequent insurance. Thereafter the property was transferred to a third person and upon the destruction of the property suit was brought by the mortgagee to recover on the policy. Recovery was allowed, but

the opinion of the court is made to rest upon the ground that the evidence showed the mortgagee was the insured under the policy rather than the mortgagor, the court laying stress upon the fact that "the policy was delivered to, and held by her (the mortgagee) and notwithstanding Raub was named as the insured she was the real beneficiary."

In the present case, there is no allegation or claim in the pleadings or in the statement of counsel that the policy was delivered to the appellant Dahlhjelm Garages, Inc., and the complaint specifically states that the policy was issued to Wyley, and that Wyley paid the premium therefor.

It will be noticed that no claim is made under the rider attached to the policy which protected appellant against disposal or concealment. There is no contention here but what the embezzlement rider was a direct contract of insurance between the insurance company and appellant; but the mere fact that this rider was issued does not change the relationship in the main policy · which was between Wyley and the respondent company.

Nor do we think that the fact, if it be a fact, that respondent knew a few days before the fire that Wyley had effected other insurance on the automobile and failed to object or to notify the Dahlhjelm Garages, Inc. of it could constitute a waiver.

The rule is stated in 32 C. J. 1346:

"Silence or nonaction of the company upon notice, not amounting to a request for permission, of an intention to do something in violation of a condition of a policy, does not show a waiver, but this rule does not apply where insured notifies the company that he is doing an act which will constitute a breach and receives aid from the company in its accomplishment."

See, also, *Wistar v. Foster,* 46 Minn. 484, 49 N. W. 247.

We conclude, therefore, that the policy, being issued to Wyley, became voided through his subsequent act in placing other insurance thereon in contravention of the terms of the policy.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, and MITCHELL, JJ., concur.