[No. 21774. Department One. September 4, 1929.]

STEPHEN R. DRESHER, *Respondent*, v. LONDON & LANCA-SHIRE INSURANCE COMPANY, LIMITED, *Appellant*.[1]

*Fred G. Clarke,* for appellant.

*Alexander Mackel, J. A. Kavaney* and *William H. Grimm,* for respondent.

BEALS, J.—Plaintiff insured his stock of merchandise and lodging house furniture, located in the city of

[1]Reported in 280 Pac. 57.

Centralia, with defendant, for the sum of $1,900, against loss by fire, receiving therefor a standard form policy. The property was damaged by fire during the life of the policy, defendant's agent being promptly notified of the loss. Payment of the loss being refused, this suit was instituted. In its answer, defendant admitted the issuance of the policy pleaded in plaintiff's amended complaint and that the property covered by the policy was damaged by fire. Defendant also pleaded three affirmative defenses, of which it is necessary to consider only one. In its first affirmative defense, defendant pleaded that the policy issued to plaintiff contained the following clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void . . . if the subject of insurance be personal property and be or become incumbered by a chattel mortgage . . ."

Continuing, defendant alleged that plaintiff, several months after the policy sued upon was issued, executed and delivered to Pelagia and Ludwig Liebich, a chattel mortgage for $300 covering the personal property described in the policy of insurance sued upon; that defendant had no knowledge of this chattel mortgage and did not consent to the giving thereof, and that the same was unpaid and in full force and effect at the time of the loss. In his reply, plaintiff admitted that the policy contained the provision, above referred to, as pleaded by defendant, and alleged that, when the policy was issued, the property covered thereby was mortgaged in the sum of $900, of which fact defendant had knowledge; that, at the time of the execution of the chattel mortgage pleaded by defendant in its affirmative defense, the $900 mortgage had been reduced to $300, and that the same was then satisfied and the mortgage for $300 pleaded by defendant was executed to

cover the balance of the prior indebtedness. Plaintiff also alleged that, at the time of the delivery of the policy of insurance, the defendant knew that plaintiff could not read or write the English language or understand the provisions of the policy, and that the same were not explained to him, nor was he advised that his execution of a chattel mortgage would in any way affect the terms of the policy. The trial of the action before a jury resulted in a verdict in favor of plaintiff in the sum of $946.63, and from the entry of judgment upon the verdict, defendant appeals.

Appellant assigns error on the ruling of the trial court in denying appellant's motion for judgment notwithstanding the verdict and upon the entry of judgment in favor of respondent. Appellant argues two questions: First, that respondent, by mortgaging the property covered by the policy of insurance without appellant's consent, rendered the policy void; and second, that respondent cannot recover because he failed to file proofs of loss within the time limited by the policy. As, in our opinion, the first point argued by appellant is well taken, it is not necessary that the second be discussed.

Respondent's evidence was to the effect that, at the time of the writing of the insurance, respondent told appellant's agent that there was a chattel mortgage on the articles covered by the policy in favor of the respondent's son, A. G. Dresher, in the sum of $900, it being admitted that the policy was issued without any mention whatsoever of this mortgage; that, several months thereafter, respondent executed a new mortgage on the property in the sum of $300 in favor of Pelagia and Ludwig Liebich, the proceeds of which were used to pay the balance due on the mortgage to A. G. Dresher, which latter mortgage was then satisfied. The loss occurred about three months and a half

after the execution of the chattel mortgage in favor of the Liebichs. Assuming that all disputed questions of fact have been settled in respondent's favor by the verdict of the jury, the matter is considered only upon evidence concerning which there is no dispute.

This court, in the case of *Inland Finance Co. v. Home Insurance Co.*, 134 Wash. 485, 236 Pac. 73, had before it the following state of facts: The plaintiff, as mortgagee, sued upon a policy of fire insurance covering an automobile, alleging that a vendor, S., sold an automobile to one Walberg, who executed a purchase money mortgage to the vendor covering a portion of the purchase price, which mortgage was regularly filed and assigned to the plaintiff. The mortgage contained a provision to the effect that the mortgagor should keep the property insured in favor of the mortgagee or its assignees against loss by fire and other risks, and, in compliance with this provision, Walberg procured from defendant the policy of insurance sued upon.

During the term of the insurance, the mortgage above referred to was satisfied and Walberg executed in plaintiff's favor another mortgage covering the same property, but securing a reduced amount of the same debt. This second mortgage contained provisions similar to those found in that first given. The complaint further alleged that, after the execution of the mortgage last referred to, and during the term of the insurance, Walberg executed a mortgage on the automobile to one Stone as mortgagee, which mortgage was junior to that in plaintiff's favor. The insurance policy was written in favor of Walberg and mentioned the then existing mortgage in favor of the plaintiff. The policy contained a provision to the effect that the same should be void if the property covered thereby be "incumbered by any lien or mortgage." The complaint concluded with an allegation of loss of the automobile

by fire and a demand for judgment in the amount of the policy.

This court held that the execution of the mortgage by Walberg, the owner of the automobile, in favor of Stone as mortgagee, violated the terms of the insurance policy and that, as he could not recover thereon, neither could the plaintiff, as owner of the first mortgage. The judgment of the trial court dismissing the action upon sustaining a demurrer to plaintiff's complaint was affirmed. In the opinion, it is expressly stated that the court found it unnecessary to consider the question of whether or not the giving, by the owner of the automobile, of what might be called a renewal mortgage to the original mortgagee, to secure a portion of the debt secured by the mortgage first given, and which was in existence at the time of the issuance of the policy of fire insurance and was referred to therein, rendered the policy void.

In the case at bar, respondent argues that, because the mortgage in favor of the Liebichs secured a portion of the debt originally covered by the mortgage for $900 in favor of the respondent's son, which mortgage was a lien on the property at the time appellant insured the same, and which respondent testified appellant knew about, the giving of the mortgage to the Liebichs did not avoid the policy. We are unable to agree with this contention. Without passing upon the question of whether or not the giving of a renewal mortgage to secure all or a portion of the amount due upon a chattel mortgage, in existence at the time of the issuance of a policy of insurance covering personal property, concerning which the insurer had notice, would preclude recovery upon the policy, we hold that respondent, by giving a mortgage to a third party, under the circumstances shown, voided his policy. Such a clause, concerning chattel mortgages, as that con-

tained in the policy issued by appellant to respondent, is reasonable, as conceivably the giving of a chattel mortgage on personal property protected by a policy of fire insurance might increase the hazard to a considerable extent. Such a provision in the insurance policy being reasonable, appellant is entitled to stand thereon, unless for some reason it is estopped from so doing.

Assuming that appellant's agent knew of the mortgage to respondent's son, can it be said that such knowledge estops appellant from relying upon the provision of its policy above quoted, when it appears that respondent subsequently mortgaged the property to an entirely different party? We do not think it can be so held. The provision of the insurance policy forbidding the mortgaging of the property covered thereby is clear and positive, and in the record before us, we find no evidence which bars or estops appellant from relying upon this plain and simple provision of the contract. The fact that respondent was unable to read or write the English language is, under the circumstances of this case, immaterial. He does not claim that any misrepresentation was made to him as to the provisions of the policy referring to chattel mortgages, and if his inability to read English should be held to excuse his violation of the terms of his contract, it would be impossible to know when a written contract could be relied upon as binding.

The judgment appealed from is reversed with directions to the superior court to dismiss the action.

TOLMAN, FULLERTON, and MAIN, JJ., concur.

HOLCOMB, J., concurs in the result.