Clarke & Cohen, Appellants, *v.* Hartman Co.
Clarke & Cohen, Appellants, *v.* Heller.

Argued December 11, 1931.

Before Trex-
ler, P. J., Keller, Linn, Gawthop, Cunningham,
Baldrige and Stadtfeld, JJ.

*Arthur S. Arnold,* and with him *George Garrison
Shafer,* for appellant.

*F. B. Holmes,* for appellee.

Opinion by Keller, J., March 5, 1932:

These appeals, in their controlling features, includ-
ing the original form of action in assumpsit against
an insurance company on a policy of fire insurance,
petition by the defendant therein for leave to pay the
fund into court and for an interpleader, the order

awarding such interpleader and fixing the issues to be tried, and the subsequent vacating and setting aside of said order and directing the payment of the fund in court to the plaintiffs in said original actions (defendants in said issues), are concerned with practically the same questions as were considered by this court in Clarke & Cohen v. Real, to use of Stroudsburg National Bank, 105 Pa. Superior Ct. 102. The chief points of difference are that the insurance policies in suit covered only buildings belonging to Margaret Real, and the policies were issued to Charles B. Hartman Company and Horace H. Heller, respectively, though written in the name of Margaret Real, owner, and Charles B. Hartman Company (or Horace H. Heller, as the case may be), contractor, with the provision, "Loss, if any, to be adjusted with and payable only to Charles B. Hartman Company (or Horace H. Heller)."

The record before us is very meager. It does not show when the policies in suit were taken out, or the circumstances of their issue. Charles B. Hartman Company and Horace H. Heller were, apparently, separate contractors for certain work in connection with the construction, or rebuilding and reconstruction, of Mrs. Real's hotel. They took out and paid for the insurance policies in suit. Whether the contracts with Mrs. Real provided that they should do this or not, does not appear. If they did, the cost of insurance would be incidental to the contract and included in the contract price to be paid by Mrs. Real. In such case the insurance is usually written in the joint names of the owner and contractor, as their interests may appear, and as the contract price is paid from time to time, the interest of the owner increases and that of the contractor decreases. The suit, in case of a loss, is in their joint names, as written, with the proceeds apportionable according to their respective interests.

See Bowers Co. v. London Assurance Corp., 90 Pa. Superior Ct. 121, 125, 126.

The contractor may, however, if his contract does not require him to take out insurance in the joint names of owner and contractor, insure only his own interest, (26 C. J. 28), in which event the policy may be issued in his own name, as contractor, and in case of loss action is brought and recoverable by him alone.

In the present cases, the policies seem to have been issued in the names of Margaret Real, owner, and Charles B. Hartman Company (or Horace H. Heller) contractor, with a "loss payable" clause, as above set forth, in favor of the contractor, who, before loss, had also secured judgment on a mechanic's lien filed by him. In this form of policy Margaret Real is an insured party, with an interest in the policy, and entitled to the proceeds, in case of loss, after the interest of the contractor has been satisfied: Miltenberger v. Beacom, 9 Pa. 198, 200.

The holder of a mechanic's lien against a building has an insurable interest in the property (26 C. J. 27; Royal Ins. Co. v. Stinson, 103 U. S. 25; Miltenberger v. Beacom, supra; Mutual Fire Ins. Co. v. Wagner, 1 Sadler 66), since the lien is a specific one against the particular real estate only, and not the general lien of an ordinary judgment (Grevemeyer v. Southern Mut. Ins. Co., 62 Pa. 340; Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310; 14 R. C. L. 912).

The "loss payable" clause has only the effect of making the person therein named the appointee or payee of the insured to collect the loss payable under the policy, and appropriate it to the extent of the appointment: New Kensington Lumber Co. v. German Ins. Co., 35 Pa. Superior Ct. 32; Bowers Co. v. London Assurance Corp., supra; Clement, Fire Insurance as a Valid Contract, p. 27; Wunderlich v. Palatine Fire Ins. Co., 104 Wis. 395, 80 N. W. 471. Thus, if a mortgagee, who would be entitled to the separate and in-

dependent contract arising out of a standard mortgagee clause, neglects to have such clause affixed to the policy, and instead relies solely on the "loss payable" clause, his rights are recoverable only under the contract of insurance with the mortgagor owner, and if the insured mortgagor has done anything to invalidate the contract of insurance, the mortgagee's right of recovery falls with his debtor's: State Mutual Fire Ins. Co. v. Roberts, 31 Pa. 438.

Where the insurance is in the name of the owner, with a loss payable clause in favor of a creditor, the latter has, of course, the burden of establishing his interest in the proceeds of insurance: Wilcox v. Ins. Co., 81 Minn. 478, 84 N. W. 334.

Without going into the merits of the present appeals, it would seem that even if Clarke & Cohen established a valid claim under their contract with, and assignment from, Margaret Real, they could not share in the proceeds of the policies in suit unless such proceeds exceeded the interest of the respective contractors measured by their unpaid liens growing out of this work, or unless the latter recognized or participated in the employment of Clarke & Cohen as consulting adjusters by Mrs. Real, in such a way as to make the policies in suit subject to their commission of 5%. We are of opinion that the policies issued to Charles B. Hartman Company and Horace H. Heller respectively, are not covered by the fourth and sixth clauses of the order of court of November 5, 1928, entered in the action of Margaret Real, to use of Stroudsburg National Bank v. Albany Ins. Co. to May T., 1928, No. 74; that those clauses relate only to the actions specifically mentioned in said order in which Margaret Real, to use of Stroudsburg National Bank was the plaintiff.

This does not affect the question of practice raised by these appeals, but only the likelihood of a recovery in the issues.

Strictly speaking, we are concerned only with the facts as they appear on the record at the time the petitions to vacate and set aside the feigned issues were filed. Matters of fact relating to the merits of the issue, elicited subsequently by deposition, cannot be used to establish the validity of that order. They were properly for the jury in the issue.

For the reasons set forth in our opinion in the case of Clarke & Cohen v. Margaret Real, to use of Stroudsburg National Bank, we must reverse the order of April 6, 1931, and reinstate the orders of November 5, 1928 and the feigned issues framed thereunder.

The following judgment is, accordingly, entered in each appeal: The assignments of error are sustained. The order of the court below of April 6, 1931 is reversed. The order of November 5, 1928 and the feigned issue thereunder are reinstated, and the defendant in said issue is directed to file a plea in ancient form to the declaration filed by these appellants traversing their right to the fund in court, to be followed by a similiter, and a trial in due form. Costs to abide the determination of the issue.