## Fidelity-Philadelphia Trust Company, Guardian, v. Home Life Insurance Company of America

*David S. Malis,* for plaintiff; *Arthur S. Arnold,* for defendant.

ALESSANDRONI, J., January 17, 1933.—An action was brought by the Fidelity-Philadelphia Trust Company as guardian of the estate of Ruth Cohen, a minor, upon a life insurance policy issued by the defendant wherein the defendant "agrees to pay $10,000 at its executive offices in Philadelphia, Pa., immediately upon receipt of due proofs of the fact and cause of death of Benjamin Cohen, to Jack Cohen $5000, Ruth Cohen $2500, and Sarah Cohen $2500, children and wife. . . ." The sole question raised in the affidavit of defense is whether the rights of the respective beneficiaries are joint or several, the defendant con-

tending that the statement of claim is defective as there is a nonjoinder of parties plaintiff.

The obligation of the policy is distinctly several, for the designation of the beneficiaries is stated opposite the marginal words "to whom payable," and the policy distinctly stipulates several amounts payable to three respective parties, of which the plaintiff is one. In 37 C. J. 606, the rule as to joinder of parties is stated as follows: "But if the policy provides for the payment of different sums to different persons they cannot join as plaintiffs to recover the several sums due, although it has been held that it is not misjoinder to join the several beneficiaries where the policy is payable to them in stated amounts." As authority for this proposition there is cited the case of Keary et al. v. The Mutual Reserve Fund Life Ass'n, 30 F. 359. An appeal from this decision was dismissed by the United States Supreme Court in 136 U. S. 644. In the case of Keary et al. v. The Mutual Reserve Fund Life Association, the facts were almost identical and the court held that a joint action by all of the respective beneficiaries was improper and sustained a demurrer on the ground of improper joinder. The court stated that each beneficiary "has a separate interest in the money which by the terms of the policy is payable to him or to her."

It has been held in Knights of Joseph B. & L. Ass'n v. Mechanics' Fire Ins. Co. of Phila., 66 Pa. Superior Ct. 90, that the obligation to a mortgagee under a mortgagee clause in a fire insurance policy is distinct and separate. In Miller et al. v. South Hills Trust Co. et al., 96 Pa. Superior Ct. 273, it was held that one of several obligees could sue on a bond executed to several parties. The obligation was held to be several, the court quoting 1 Williston on Contracts, Sec. 325, on the proposition that the interest of each party was determined by intention. In the matter now before us, we are forced to conclude that the interest of each party being specifically designated and separate from that of the others, was several and that the action is properly brought.

And now, to wit, January 17, 1933, the affidavit of defense raising questions of law is discharged, with leave to the defendant to file a defense to the merits within fifteen days from the date of this order.