## Wharen, Appellant, *v.* Markle Banking & Trust Company et al.

Argued March 5, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*Chas. F. Wharen,* for appellant.

*John H. Bigelow,* for appellee.

Opinion by Hirt, J., June 30, 1941:

White Haven Knitting Company gave a mortgage to defendant Trust Company to secure a bond issue and, with the mortgage, delivered to this trustee certain policies of fire insurance each of which contained the following endorsement: "Loss, if any, on building only, payable to Markle Banking & Trust Company as interest may appear, subject, nevertheless, to all the conditions of this policy." Thereafter in January 1929, the Knitting Company became insolvent and receivers, also named as defendants herein, were appointed by a U. S. District Court. On insolvency the receivers agreed with plaintiff to continue the policies then in force and they as receivers were noted on the policies as owners. All the policies had been written by plaintiff insurance broker, either at the request of the Knitting Company before insolvency or thereafter as renewals on the order of the receivers, with loss clauses in the same form; no insurance was contracted for by the mortgagee. While the policies were in force, the trustee with the consent

of the bankruptcy court foreclosed on the mortgage; the amount realized by the sale on foreclosure was less than the amount of bonds outstanding and the receivers realized nothing from the proceeds.

The trustee bank had no notice that the premiums on the policies were unpaid until July 18, 1929 and thereupon voluntarily assumed the payment of all premiums accruing after August 1, 1929, but disclaimed liability for $530.90, the amount in controversy, for insurance in force prior to that date. After the trustee's sale of the property when it appeared that the funds for distribution in the hands of the receivers were insufficient for the purpose, plaintiff brought this action to recover from the Trust Company the amount of the unpaid premiums. We will assume that plaintiff has settled with the various insurance companies and that he is subrogated to their rights. *Bell Co. v. Monroe Hotel Co.*, 73 Pa. Superior Ct. 460.

Plaintiff does not contend that the Trust Company ordered the policies or that it agreed to pay any of the premiums, but seeks to impose liability upon the trustee solely from the fact that the policies in its possession inured to its benefit by virtue of the loss clauses in its favor as mortgagee.

When the mortgage clause attached to a fire insurance policy is in the standard form, a separate distinct and independent contract results, though included in the owner's policy, insuring the mortgagee's interest, free from the conditions imposed upon the owner, with the same effect as though a separate policy had been delivered by the insurer to the mortgagee. *Overholt et ux. v. Reliance Ins. Co.*, 319 Pa. 340, 179 A. 554; *K. of J. B. & L. Assn. v. Mechanic's F. Ins. Co.*, 66 Pa. Superior Ct. 90; *Miners Sav. Bk. v. Merch. Fire Ins. Co.*, 131 Pa. Superior Ct. 21, 198 A. 495. But even under the standard clause, the weight of authority is to the effect that the provision for payment of premiums by the

mortgagee is not an absolute promise on the mortgagee's part to pay, but that such payment is merely a condition precedent to giving effect to the secondary contract between the insurer and the mortgagee. 2 Cooley's Briefs on Insurance, 2d, Ed., 1517; 26 C. J. Fire Ins., §115.

We are not concerned here with a construction of the standard clause, for the endorsement on each of the policies in question clearly is no more than a simple loss payable clause resulting in an entirely different relationship. The endorsement of a loss clause in a policy, payable to one as his interest may appear, is no more than the designation of a person to whom the loss is to be paid for the benefit of the owner by payment of the mortgage debt, and is not in any sense an assignment of an interest in the policy. The insurance remains upon the interest of the owner and does not become a contract insuring the mortgagee's interest; the clause does not in any respect, increase, lessen or otherwise change the burden assumed by the insurance company. A breach of the terms of the policy by the owner will avoid payment to the mortgagee since the latter's rights are wholly derivative and cannot rise above those of the owner. The right of action is in the owner and not in the mortgagee for there is no privity between the mortgagee and the insurer. If the insured cannot recover, the mortgagee cannot. There is no divergence of opinion in the many decisions thus construing clauses of this nature. Couch on Insurance, §1215a; 124 A. L. R. 1034, and cases there cited. *Clarke & Cohen v. Hartman Co.,* 105 Pa. Superior Ct. 118, 159 A. 460; *Cont. Ins. Co. v. Hulman & Cox,* 92 Ill. 145; *St. Paul Fire & Marine Ins. Co. v. Ruddy,* 299 Fed. 189; *Girard v. Vermont Mut. Fire Ins. Co.,* 103 Vt. 330, 154 A. 666; *German Ins. Co. v. Hayden,* 21 Colo. 127, 40 P. 453; *Wyley v. Federal Ins. Co.,* 136 Wash. 686, 241 P. 292; *Reid v. State Bank,* 119 N. Y. S. 242.

It follows that no liability for the payment of insurance premiums is imposed upon a mortgagee merely because he retains policies for his protection under a loss payable clause. *Reid v. State Bank,* supra. Liability to pay premiums results only from contract, express or implied and no duty is cast upon the mortgagee to inquire whether the premiums are paid. Insurance premiums are payable on delivery of the policy and if a broker makes delivery without payment, credit for the premiums must be regarded as having been extended to the owner and not to the mortgagee in the absence of an agreement imposing liability on the latter. *Bell Co. v. Monroe Hotel Co.,* supra. The lower court properly refused to take off the compulsory nonsuit entered in this case.

Judgment affirmed.