## Margolies et al. v. Providence Bank

*Nogi, Harris & Nogi,* for plaintiffs.
*Daniel H. Jenkins,* for defendant.

LEACH, P. J., December 31, 1941.—The court makes the following findings of fact:

1. Plaintiffs, insurance brokers, sold fire insurance policies to the owners of real estate in Scranton, Pa.

2. Defendant bank had a mortgage on the insured property and insurance policies were delivered to the bank with standard mortgagee clause attached in favor of the bank.

3. The said mortgagee clause contains the usual provision that the interest of the mortgage shall not be invalidated by any act or neglect of mortgagor, by foreclosure or other proceeding, or notice of sale of the property, or change of title or ownership, or by occupation of the premises for more hazardous purposes; ". . . provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same." Further provisions are that the mortgagee should notify the insurer of change of ownership or occupancy, increase of hazard which comes to its knowledge, and on demand pay the premium for such increased hazard for the term of use thereof, and further reservation of the right to cancel the policy upon ten days' notice to the

mortgagee, and for a subrogation to the rights of the mortgagee in the event that the insurer pays the amount due the mortgagee.

4. Shortly after March 1, 1939, plaintiffs suggested to defendant that defendant was liable for back premiums on insurance policies which plaintiffs held in their possession and to which the mortgagee clause was attached.

5. Defendant never admitted its liability for payment. The respective counsel argued over the liability of defendant to plaintiffs and no definite demand was made for payment prior to the cancellation notice.

### Conclusion of law

The court makes the following conclusion of law:

1. The mortgagee is not liable to the insurers for insurance premiums under the standard mortgagee clause unless the mortgagee assumes the liability after notice that the premiums are in default.

### Discussion

The liability of a mortgagee for payment of insurance premiums under a mortgagee clause apparently has never been before our appellate courts. In Wharen v. Markle Banking & Trust Co. et al., 145 Pa. Superior Ct. 99, it is stated that ". . . even under the standard clause, the weight of authority is to the effect that the provision for payment of premiums by the mortgagee is not an absolute promise on the mortgagee's part to pay, but that such payment is merely a condition precedent to giving effect to the secondary contract between the insurer and the mortgagee."

This weight of authority is set forth in annotations to Farnsworth v. Riverton Wyoming Refining Co. et al., 47 A. L. R. 1114, and Whitehead v. Wilson Knitting Mills, 56 A. L. R. 674. The latter case cites as the only case in Pennsylvania Porter v. Safe Deposit & Trust Co., 65 Pitts. 49.

The reasons for the generally accepted rule are evident. The building of houses and other structures would not be possible except for money borrowed by mortgage. The building is the greater part of the value on which the mortgage is a lien. The insurance company secures new business which would not exist if the insured were not able to protect the mortgagee by the standard clause. The policy, by its terms, issues upon the payment of cash. The insurer further has the benefit of notice from the mortgagee of any change in ownership of the premises and of any increased hazard that comes to the premises during its occupancy that may be known to the mortgagee, and the further right of subrogation to the mortgagee's claim upon the payment to the mortgagee of the amount of the mortgage. The Superior Court has commented upon the situation as follows:

"The learned counsel for appellee argues with much force in support of the contention that it created a covenant on the part of the mortgagee to pay. Let it be assumed this is the correct construction. To whose benefit did the obligation of that covenant enure? There seems little room for doubt it must be held the covenantees were the insurance companies that furnished the protection or the indemnity which was the only valuable consideration moving to the mortgagee. With the services rendered by the plaintiff company in procuring the line of insurance and writing the policies, the mortgagee had nothing to do. It received nothing of value from the plaintiff company, hence, in speaking of another portion of such a clause in a fire insurance policy, this court said in Knights of Joseph v. Insurance Company, 66 Pa. Superior Ct. 90: 'The mortgagee clause with the contract of insurance creates a new agreement between the company and the mortgagee.' The plaintiff's statement does not even aver that it was required to pay or did pay the premiums to the several companies which issued the policies and as a consequence it shows

no possible support for any application of the doctrine of equitable subrogation. If it be able to show on the trial that it actually did pay the premiums and thus kept alive the insurance which protected the mortgagee, it may be necessary to consider how far any claim of right to subrogation would be affected by its action in going outside the usual course of business and the demands of the policies which required the premiums to be paid in cash. Its desire to maintain friendly relations with the property owner and keep what looked like a profitable line of business may have led it to disregard the equities of the mortgagee, this defendant, whose undertaking, after all, was not primary and unconditional, but was fully alive only after a default by the mortgagor and a demand made on the mortgagee": Bell Co. v. Monroe Hotel Co., 73 Pa. Superior Ct. 460, 462, 463.

In the case at bar plaintiffs assumed that defendant was liable for unpaid premiums and that such a liability had attached without notice. This assumption was made in the face of the fact that the policies by their terms issue upon the payment of cash and that the bank had not been consulted as to the extension of credit. The evidence does not show any clear demand for premiums for protection of the mortgagee from loss from the date of the demand.

### Judgment nisi

Now, December 31, 1941, judgment nisi is entered in favor of defendant. This judgment nisi will become final unless exceptions are filed thereto within 30 days.